Nov. Term,
1859.

MORGAN *v.* THE STATE.

MORGAN
v.
THE STATE.

When a valid indictment has been returned by a competent grand jury to a
Court having jurisdiction, and the defendant has been arraigned and has
pleaded, and a jury has been impanneled, sworn, and charged with the cause,
and all the preliminary things of record are ready for the trial, the jeopardy
contemplated by the constitution has attached, and the defendant is entitled
to a verdict.

The defendant may, by consent, or by acts from which consent will be pre-
sumed, waive this constitutional right; or unforeseen occurrences may inter-
vene which will operate to withdraw the privilege.

But where the indictment is valid, and the proceedings before a Court having
jurisdiction, regular, down to the time jeopardy attaches, no second jeopardy
can be allowed in favor of the state on account of any lapse or error at a
later stage.

APPEAL from the *Monroe* Circuit Court.

HANNA, J.—This was an indictment for murder.

*Friday,
December 2.*

The case was before us at the last term of this Court
(see 12 Ind. R. 448), where the facts and reasons upon
which a reversal of the judgment below were based, are
fully set forth.

The record in the case then before us showed that a mo-
tion had been made to discharge the defendant from cus-
tody. But at the time the motion was made, the Circuit
Court was, as we then decided, attempting to hold an un-
authorized sitting. The jury had been kept in custody
beyond the regular term of the Court. The verdict was
received and the judgment entered on the *Monday* after the
term expired, although the record showed that the verdict
was agreed upon during the term, but was not returned
into Court because of the absence of the judge. It was
held that the record failed to show any legal reason for
such absence, or for the prolongation of the term beyond
the regular time fixed by law. The consequence was, that
the proceedings had, after the expiration of that time, were
held to be void; and consequently that we could not
consider a motion which was then made to discharge him,
further than to show the position the prisoner occupied in
reference to the proceedings then had. The case was,
therefore, remanded for further proceedings. The defend-

Nov. Term,
1859.

MORGAN
v.
THE STATE.

ant, at the first term of the Circuit Court thereafter, moved that he be discharged from custody. The motion was overruled.

This ruling is now assigned for error.

The constitution provides that "No person shall be put in jeopardy twice for the same offense." Art. i., § 14.

When a valid indictment has been returned by a competent grand jury to a Court having jurisdiction; the defendant has been arraigned and pleaded; a jury been impanneled, sworn, and charged with the case; and all the preliminary things of record are ready for the trial; the jeopardy contemplated by the constitution has then attached, and the defendant is entitled to a verdict. 1 Bish. Crim. Law, 660.—Whart. Crim. Law, 574.—*Wright* v. *The State*, 5 Ind. R. 290, 527.—7 *id.* 324. The defendant may, by his consent, or various acts from which such consent will be presumed, waive this constitutional right. 1 Bish. Crim. Law, 657.—6 Cush. 560.—37 Maine R. 156.— Whart. Crim. Law, 591. Or unforeseen occurrences may intervene, which will operate to withdraw from the prisoner the benefit of this privilege. Whart. Crim. Law, 588.—1 Bish. Crim. Law, 667.—2 Mo. R. 166.—9 Leigh. 613.—3 Rawle, 498.—4 Halst. 256.—2 Grat. 567.—7 *id.* 662.—6 S. and R. 577.—10 Yerg. 532.

But when the indictment is valid, and the proceedings are regular, before a tribunal having jurisdiction, down to the time the jeopardy attaches, there can be no second jeopardy allowed in favor of the state, on account of any lapse or error at a later stage. 1 Bish. Crim. Law, 665.— *Wright* v. *The State*, 7 Ind. R. 324.—4 Blackf. 345.—8 *id.* 526.—1 Eng. 169, 259.—Mart. and Yerg. 137.

At the last term we decided there had been a lapse—an error of the Circuit Court. The record does not show that the defendant, in any manner, waived his rights. He was once in jeopardy, and in consequence thereof, and of that error, he is protected by the constitution from being again placed in jeopardy for the same offense. The Circuit Court should have discharged him.

*Per Curiam.*—The judgment is reversed with directions to the Circuit Court to sustain the motion and discharge the defendant from custody.

*J. Hughes* and *D. W. Voorhees*, for the appellant.

*J. E. McDonald* and *I. N. Pierce*, for the state.