Clarke v. The State.

*T. M. Browne* and *E. L. Watson*, for appellant.

*D. E. Williamson*, Attorney General, for the State.

———◇———

## CLARKE v. THE STATE.

FALSE PRETENSES.—*Accomplice.*—*Instructions to Jury.*—*Error Cured.*—On the trial of an indictment for obtaining money by false pretenses, the court instructed the jury, that if one C., jointly indicted with the defendant, made

the false representations charged, to defraud the prosecuting witness, &c., and such representations were false, *to the knowledge of the defendant,* then the verdict should be against the defendant. But in a subsequent instruction, on the defendant's motion, the court told the jury, that the defendant could not be convicted unless he personally made the representations or aided and abetted therein.

*Held,* that the latter instruction corrected the error of the former.

Same.—*Bank Check.—Case Approved.—Casily* v. *The State, ante,* p. 62, approved.

Supreme Court.—*Conflicting Testimony.*—It is not the province of the Supreme Court to pass upon the credibility of witnesses who contradict each other.

APPEAL from the Wayne Criminal Circuit Court.

Frazer, C. J.—This case was tried below upon the same indictment as *Casily* v. *The State, ante,* p. 62. We have the same questions as in that case, as to the plea in abatement and the sufficiency of the indictment. Upon those questions we need add nothing to what we said in that case.

The court gave an instruction to the jury, which, if it had not been subsequently so fully corrected as to preclude the possibility of its having misled the jury, would reverse the case. The substance of it was, that if Casily made the false representations charged, to defraud the prosecuting witness, &c., and such representations were false, to the knowledge of the defendant, then the verdict should be against the defendant. Of course, it is plain that the mere knowledge of the defendant that Casily's statements were false would not render him criminally liable; and accordingly the court, on the defendant's motion, fully rectified the inadvertence by telling the jury, that the defendant could not be convicted unless he personally made the representations, or aided and abetted therein. This corrected the error, and, we think, rendered it impossible that it could injure the defendant.

The third instruction given by the court is objected to as calculated to mislead the jury. It is admitted that it is a correct statement of the law, but it is insisted that it was not applicable to the case made by the evidence. We cannot regard it so. It seems to us to have been a very pertinent instruction. The case cited in support of the appellant's

proposition, *The State* v. *Magee*, 11 Ind. 154, does not seem to us to touch the question.

Nor can we concur in the opinion pressed upon us in this case, as it was also in *Casily* v. *The State*, that a pretense that Casily owned a check of a certain value would not, if believed, reasonably tend to establish the belief that he was worth the sum named.

Numerous other questions are raised upon the refusal of the court to give certain instructions asked. There would be no profit in discussing them in detail. Some of them were decided in *Casily* v. *The State*. Some of the instructions asked had been given by the court upon its own motion. There was, in our opinion, no error in refusing any of the instructions.

Finally, we are asked to reverse the judgment upon the evidence. The State made a strong case before the jury. Some of the facts were, however, stated to be entirely different by the defendant's witnesses. We cannot interfere in such a state of case. It is not our province to pass upon the credibility of witnesses who contradict each other.

The judgment is affirmed, with costs.

*T. M. Browne* and *E. L. Watson*, for appellant.

*D. E. Williamson*, Attorney General, for the State.