## JOSEPH *v.* THE STATE.

SUPREME COURT.—*Evidence.*—When the testimony is conflicting, the Supreme Court will not reverse the judgment upon the weight of the evidence.

From the Hamilton Circuit Court.

*W. Garver* and *J. S. Losey*, for appellant.

*J. C. Denny*, Attorney General, and *J. Stafford*, Prosecuting Attorney, for the State.

DOWNEY, J.—This was a prosecution against the appellant for selling intoxicating liquor to a person, at the time in a state of intoxication, in violation of the sixth section of the liquor law of 1873. The defendant was found guilty, on a trial by jury. A new trial was refused him, and he was adjudged to pay the fine assessed by the jury, and the costs of the prosecution. The only ground relied upon here for a reversal is, that the evidence was not sufficient to justify the verdict of the jury. One witness swore positively to the sale of the liquor; that it was whiskey; and that the purchaser was intoxicated. There was evidence opposed to this, and counsel for the appellant say: "The evidence of the State, upon which she relies for a conviction, being contradicted by three respectable witnesses, shows clearly that the case was not established beyond a reasonable doubt, but that the preponderance was clearly with the defendant."

The defendant and one of his witnesses gave testimony in conflict with that given by the witness for the State. It can not be said that a proposition is not established beyond a reasonable doubt when sworn to by a witness, even if other witnesses testify to the contrary of what such witness has sworn. It is not an approved method of estimating the weight of evidence in a cause, to determine it by counting the number of the witnesses for and against the proposition. We can not know, especially in the absence of any evidence on the subject, whether a witness is credible or not, or whether the witnesses on one side of a cause are more entitled to credit than those on the other side. We can not weigh

the evidence in a cause, on each side, and determine which is the heaviest.    In all such cases as this, the questions of fact must, so far as this court is concerned, remain as decided by the jury.

The judgment is affirmed, with costs.