## LOVELAND ET AL. *v.* McCORMICK ET AL.

[No. 9,943. Filed October 15, 1919.]

1. APPEAL.—*Questions Reviewable.—Ruling on Motion for New Trial.—Failure to Incorporate Evidence in Record.*—Where each of the questions presented by the motion for a new trial requires a consideration of the evidence and it is not in the record, no question is presented relative to the ruling on the motion. p. 175.

2. PLEADING.—*Counterclaim.*—In an action on promissory notes given for the purchase price of a piano and the use of a copyrighted scheme to increase the sales of defendants, who were merchants, paragraphs of answer setting up that sales were not increased as guaranteed by plaintiffs *held* to state a counterclaim and not a defense. p. 175.

3. PLEADING.—*Demurrer to Counterclaim.—Form and Requisites.*—A demurrer to paragraphs of answer stating a counterclaim on the ground "that neither of. said paragraphs state facts sufficient to constitute a cause of defense to plaintiff's complaint and to the cause of action stated therein" is insufficient, since a demurrer to a counterclaim for want of facts should take the same form as a demurrer to a complaint on that ground, which is, under the statute, that the complaint does not state facts sufficient to constitute a cause of action. p. 175.

4. APPEAL.—*Briefs.—Waiver of Error.*—Error in overruling a demurrer to paragraphs of answer is waived by appellants' failure to make any point or state propositions in support thereof in their brief. p. 175.

From Benton Circuit Court; *Burton B. Berry,* Judge.

Action by Theodore O. Loveland and another against James McCormick and another in which defendants filed counterclaim. From a judgment against plaintiffs and in favor of defendants on their counterclaim, the plaintiffs appeal. *Affirmed.*

*T. B. Cunningham* and *Ernest Merrick Hawkins,* for appellants.

*Daniel Fraser* and *Will Isham,* for appellees.

McMahan, J.—The appellants began this action against appellees to recover judgment on two promissory notes each calling for $70.

The appellees filed an answer in four paragraphs. The first was a general denial; the second was an answer of no consideration.

The third paragraph alleged that the consideration failed, in that appellees, at and before the execution of the notes sued on, had been engaged for many years as merchants; that their gross annual sales amounted to $28,000, and that appellants warranted that, if appellees would purchase a piano from appellants, appellants would organize a scheme and plan to increase appellees' sales, and that they would increase appellees' sales to $38,000 for the year ensuing and following the date of said notes; that appellants in writing guaranteed that, in the event they did not show an increase in appellees' sales, they would pay appellees the sum of $400, which was the total amount appellees agreed to pay appellants for said piano and scheme to increase their sales, a copy of which written guaranty was filed with and made a part of said third paragraph of answer; that appellants failed to increase appellees' sales and to advise and assist appellees to increase their sales, and demanding judgment for $400.

The fourth paragraph of answer alleged that the appellants sold a piano and other personal property and the use of a copyrighted scheme to increase their sales as merchants, and, in order to induce appellees to make said purchase, and to execute said notes sued on, the appellants agreed to furnish appellees a skilful and accomplished salesman to put said scheme in operation, and to advise appellees in

what manner to operate said scheme; that appellants further agreed that, unless the sales of appellees were increased $10,000 during the following year, appellants would pay appellees whatever the difference was between 1 1/19 per cent. of the increase of sales and $400. It is also alleged that appellees' sales were not increased during said year; that appellants did not furnish advice or assistance, and that the said scheme was of no value, although represented to be of great value; that appellees relied upon appellants' said statements and promise, and so relying in good faith paid appellants the sum of $260; that appellants' representations were by appellants known to be false, and were intended to cheat and defraud appellees; that appellants took the full year to perform their part of said agreement, and that appellees, relying upon appellants' agreement until the end of the year, did not repudiate or rescind said contract within said year.

Wherefore appellees demanded judgment in the sum of $260 and the cancellation of the notes sued on.

The appellants filed a demurrer to said third and fourth paragraphs of answer on the grounds: (1) "That neither of said paragraphs state facts sufficient to constitute a cause of defense to plaintiff's complaint and to the cause of action stated therein;" (2) that each paragraph shows several causes of action improperly joined. A memorandum was filed containing ten specifications wherein it was claimed that each of said paragraphs was insufficient. The demurrer was overruled as to each of said paragraphs. The cause was tried by a jury, and resulted in a verdict and judgment against appellants on their complaint and in favor of appellees on their counter-

claim in the sum of $30. Appellants filed a motion for a new trial, but it does not appear to have been ruled upon or that any exception was saved.

Each question presented by the motion for a new trial requires a consideration of the evidence which does not appear to be in the record, so no question is presented relative to the ruling on the motion for a new trial.

The appellant contends that the court erred in overruling their demurrer to the third and fourth paragraphs of answer. The appellees call our attention to the form of the demurrer, and insist the demurrer is not in proper form to present any question. Appellees insist that the said two paragraphs are both counterclaims, and that a demurrer to a counterclaim must take the same form as a demurrer to a complaint. The statutory form for a demurrer to a complaint for want of facts is that it does not state facts sufficient to constitute a cause of action. The facts pleaded in said two paragraphs are not pleaded as a defense, but as a counterclaim, and on authority of *Duffy* v. *England* (1911), 176 Ind. 575, 96 N. E. 704, we hold that the first ground of demurrer is not well taken as to either paragraph to which it is addressed. The second ground of demurrer is waived by reason of failure to make any point or state any proposition in support thereof.

No error appearing in the record, judgment is affirmed.