## POLONIUS *v*. STATE OF INDIANA.

### [No. 24,212.   Filed March 6, 1923.]

1. CRIMINAL LAW.— *Appeal.— Verdict.— Conclusiveness.— Evidence.—Weight and Sufficiency.*—The Supreme Court on appeal on the sufficiency of the evidence will not weigh the evidence whether it is direct, circumstantial or both, and will uphold the verdict or finding, unless there is a total failure of evidence as to an essential element of the offense. p. 665.

2. CRIMINAL LAW.— *Appeal.— Finding.— Conclusiveness.— Circumstantial Evidence.*—Where the circumstantial evidence in a case is of such a character that two reasonable inferences may be drawn therefrom, one tending to prove the guilt of the accused and the other favorable to his innocence, it is not within the province of the court on appeal to determine which inference ought to control. p. 665.

3. CRIMINAL LAW.—*Appeal.—Scope of Review.—Error of Law.*—The jurisdiction of the Supreme Court on appeal is limited to errors of law only, and it has no jurisdiction to pass upon errors of fact. p. 666.

From Vigo Circuit Court; *John P. Jeffries,* Judge.

Prosecution by the State of Indiana against William Polonius. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Sweet, Littlefield & Shipley,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

WILLOUGHBY, J.—The appellant was convicted of a violation of the Prohibition Act. The trial was by the court without a jury. A motion for a new trial was made and overruled. Judgment was entered on the finding of the court and from such judgment appellant appeals and assigns as error the overruling of his motion for a new trial. The only question presented by the motion for a new trial is the sufficiency of the evidence to sustain the finding.

The appellant says that the conviction was based solely on circumstantial evidence and it is his contention

that where evidence is circumstantial and leaves standing some reasonable hypothesis of innocence there can be no conviction, and where the record discloses that fact to the appellate tribunal a judgment of conviction cannot be affirmed. In support of this contention, he cites, *Robinson* v. *State* (1919), 188 Ind. 467, 124 N. E. 499. The case cited does not support the contention of appellant.

In *Robinson* v. *State, supra,* the appellant upon the trial of the cause requested an instruction to the jury as follows: "Before you can convict this defendant on circumstantial evidence alone, the circumstances must be so strong and convincing as to be inconsistent with any reasonable hypothesis of the defendant's innocence."

The court correctly held that it was error to refuse this instruction when no other instruction had been given embodying the proposition of law stated

1. therein. This instruction was requested for the guidance of the jury in the trial of the cause and stated the law correctly; but when a case is before this court on appeal on the sufficiency of the evidence, this court will not weigh the evidence whether the same is direct, circumstantial, or both, and will uphold the verdict or finding, unless there is a total failure of evidence as to an essential element of the offense.

It has been recently decided by this court that where the circumstantial evidence in a case is of such a character that two reasonable inferences may be

2. drawn therefrom, one favorable to or tending to prove the guilt of the accused and the other favorable to his innocence, then, under such circumstances, it is not within the province of the Supreme Court to determine which inference ought to control the jury. *Lee* v. *State* (1921), 191 Ind. 515, 132 N. E. 582.

In the instant case, if the circumstances relied on by the state for conviction are of such a character as the

trial court might therefrom have drawn an inference of the guilt of the accused, the question then in respect thereto becomes one of fact for the determination of the trial court and is not open to review on appeal.

The jurisdiction of this court on appeal is limited to errors of law only and it has no jurisdiction to pass upon errors of fact. The correction of an error

3. of fact into which the jury may fall belongs exclusively to the trial court. The Supreme Court cannot retry questions of fact. *Deal* v. *State* (1895), 140 Ind. 354, 39 N. E. 930.

The statement in appellant's brief that, "while the circumstances shown may be said to coincide with the hypothesis of guilt, it cannot be said that they are inconsistent with any other rational conclusion," is an admission that the finding of the trial court has some evidence to sustain it, and the rule applies that this court will not weigh the evidence.

The judgment is affirmed.