DUDLEY *v.* STATE OF INDIANA.

[No. 24,597. Filed February 4, 1925. Rehearing denied June 23, 1925.]

1. INTOXICATING LIQUORS.—*Evidence considered and held to support a charge of keeping liquor with intent to sell.*—Evidence that one accused of keeping liquor with intent to dispose of it in his soft drink saloon, was asked by two customers if he did not have something stronger, that he then went to a concealed place in the rear of the saloon, with the customers, that when the officer appeared he was found with a bottle of whisky in his hand and one customer suddenly dropped a glass which contained some liquor, is sufficient upon which to base an inference that he was guilty. p. 331.

2. CRIMINAL LAW.—*Inferences from evidence are entirely within the province of the jury.*—Inferences to be drawn from evidence are peculiarly within the province of the jury, and the Supreme Court cannot determine which of conflicting inferences the jury should draw. p. 331.

3. CRIMINAL LAW.—*Oral argument not granted on delayed request unless circumstances of case require.*—While it is within the discretion of the Supreme Court, under Rule 26, to grant an oral argument requested after the filing of the briefs, it will not make this exception if the circumstances of the case do not warrant it. p. 332.

From Grant Circuit Court; *J. Frank Charles,* Judge.

Nove Dudley was convicted of keeping liquor with intent to sell, and he appeals. *Affirmed.*

*Stricler & Messick* and *John A. Kersey,* for appellant.

*U. S. Lesh,* Attorney-General, *Arnet B. Cronk* and *Carl Wilde,* for the State.

TRAVIS, C. J.—This is a prosecution for violation of §4 of the act, known as the "Prohibition Law," as amended, for keeping whisky with the intent to unlawfully sell, barter, exchange, give away, and otherwise dispose of the same.    (Acts 1921 p. 736, §8356d Burns' Supp. 1921.)    The cause of action was instituted in the city court of the city of Marion and a trial had, which resulted in a finding of guilty and judgment, from which defendant appealed to the Grant Circuit Court, where a trial by a jury resulted in a verdict of guilty, and judgment imposing a fine of $150 and imprisonment at the Indiana State Farm, from which judgment appellant appeals to this court.

The error assigned is the overruling of the motion for a new trial, for the reason that the verdict is contrary to law.

The defendant, appellant herein, was by trade a glass-blower, who because of a temporary closing of the industry, had for a short time been employed in a pool-room and soft drink saloon located in the basement of an hotel.    Between eight and nine o'clock in the evening of the day the alleged offense was committed, two men entered the saloon and bought a soft drink, but asked defendant at the time, "Is this the strongest you got?"    A few minutes later a police officer came in the saloon and found the defendant with the two men in an inclosure in the rear of the saloon, at which time defendant was holding a quart bottle of corn whisky, and one of the men was holding a drinking glass which contained some liquor which looked like whisky.    The officer took the bottle of whisky from the defendant and reached for the drinking glass, but the man who held it dropped it to the floor and it was broken.    On their way to the police headquarters, after the officer had arrested defendant, the defendant told the officer that he was taking a chance and got caught.    This narrative

is the evidence of the police officer and appellant. Appellant testified to contradictory facts from which, if believed by the jury, an inference could be drawn that the two men with him in the rear of the saloon were offering him a drink of the whisky in the bottle.

Appellant's proposition, as stated in his brief, is that the verdict is contrary to law because it is not sustained by sufficient evidence, and that without the aid of inference, there is no proof that appellant did keep intoxicating liquor with the intent to dispose of it in the manner charged.

The facts, that after being asked for something stronger to drink by the two customers, the appellant went to the rear of the saloon and in a concealed

1. place was found with a quart bottle of corn whisky, and that upon the appearance of a police officer one of the customers suddenly dropped a glass which contained some liquor when the police officer reached to take possession of it, are sufficient upon which to base the inference that appellant was guilty of the charge of keeping whisky with intent to unlawfully dispose of it. *Sloan* v. *State* (1923), 193 Ind. 625, 141 N. E. 321; *Chaney* v. *State* (1923), 193 Ind. 533, 141 N. E. 223; *Polonius* v. *State* (1923), 192 Ind. 664, 138 N. E. 259.

The inferences to be drawn from the evidence were peculiarly within the province of the trial court and jury for consideration. Granting the claim of

2. appellant, that his testimony, when considered alone, would carry the inference that he was not guilty, this court cannot determine which inference should be drawn and adhered to, there being ground for each.

The amended section of the statute upon which this action is founded, was again amended in 1923 (Acts 1923 p. 70).

More than six months after appellant filed his reply briefs, he requests to be permitted to argue the case orally. While it is within the discretion of the

3. court to grant a request for oral argument of the case, when made after the time allowed for filing briefs, this case does not warrant the exercise of the exception to the rule of the Supreme Court. (Rule 26, Rules of the Supreme Court.)

Judgment affirmed.