## CAZAK *v.* STATE OF INDIANA.

[No. 24,463. Filed March 31, 1925.]

1. CRIMINAL LAW.—*The court on appeal will not review conflicting evidence.*—It is within the province of the jury to determine what evidence they will or will not believe, and on appeal the court will not weigh conflicting evidence but will consider only that evidence favorable to the prevailing party. p. 65.

2. CRIMINAL LAW.—*Some evidence tending to support every material allegation is sufficient.*—Where there is some evidence tending to prove every material allegation of the affidavit, the evidence is sufficient to support the verdict and is not contrary to law. p. 65.

3. CRIMINAL LAW.—*Instructions must be considered together.*— An instruction given by the court on its own motion cannot be held error because it did not tell the jury what the material allegations of the affidavit were, when such allegations are fully stated in other instructions given. p. 65.

4. CRIMINAL LAW.—*Defendant must tender full instructions if desired.*—If a defendant desires a fuller instruction on any phase of the case than is given by the court, he must tender such an instruction with a request that it be given. p. 65.

From Lake Criminal Court; *Martin J. Smith,* Judge.

Tony Cazak was convicted of automobile banditry and he appeals. *Affirmed.*

*William J. McAleer, Francis J. Dorsey, Gerald A. Gillett* and *Perry R. Chapin,* for appellant.

*U. S. Lesh,* Attorney-General, and *Edward M. White,* Assistant Attorney-General, for the State.

WILLOUGHBY, J.—This was a prosecution by affidavit for automobile banditry as defined in ch. 32, Acts 1921. See Acts 1921 p. 91. On a plea of not guilty the defendant was tried by jury which trial resulted in a verdict of guilty, upon which judgment was entered and from which this appeal is taken.

The only assignment of error is that the court erred in overruling appellant's motion for a new trial. The only specifications discussed in appellant's brief are: (1) That the verdict is not sustained by sufficient evidence and is contrary to law; (2) that the court erred in giving to the jury instruction No. 2.

Under the specification that the verdict is not sustained by sufficient evidence, the appellant claims that he was not sufficiently identified. However, a witness testified that she was in the bank at the time of the robbery and that the appellant was one of the robbers and that he was dressed in woman's clothes.

This witness testified in part as follows: "I was in the First National Bank of Dyer, on December 20, 1922, about 3 o'clock in the afternoon on business. I saw that man right there (indicating the defendant) in the bank. He had woman's clothes on. There were three men in the bank. They were right inside closing the vault. When they closed the vault they started away slowly walking backwards. I saw one of the party dressed as a woman. He was the last person to get in the machine. Two shots were fired. When the last was fired the person dressed as a woman was just going into

the machine.   They started off going toward Chicago Heights.   I am sure this defendant was the man I saw there dressed as a woman."

The defendant testified that he was in another place in bed asleep at the time of the robbery.   There was other testimony denying the state's evidence but it is within the province of the jury to determine what evidence. they will believe and what they will not believe, and this court on appeal will not weigh evidence, but when a question of the sufficiency of the evidence to sustain the verdict is presented, it will consider only that evidence favorable to the prevailing party.   *Lee* v. *State* (1921), 190 Ind. 531; *Howard* v. *State* (1921), 191 Ind. 232; *Small* v. *State* (1921), 190 Ind. 406.   There was some evidence tending to prove every material allegation of the affidavit and the evidence was therefore sufficient to support the verdict and was not contrary to law.

The appellant complained that the court erred in giving instruction No. 2, given by the court of its own motion, and says that said instruction is erroneous because it did not tell the jury what the material allegations of the affidavit were.   There is no merit in this contention.   An examination of the instructions given by the court of its own motion, shows that in instruction No. 6, the court fully states all the material allegations of the affidavit and tells the jury all the facts necessary to be proved in order to find the defendant guilty of the charge made against him in the affidavit.   And in instructions Nos. 7, 8, and 10, the jury are fully informed upon the subject of reasonable doubt.   It will be observed that there is no claim that this instruction is not correct so far as it goes, and that being the case, if the appellant desired a fuller and more complete instruction, he should

have prepared one and tendered it to the court with the request that it be given. *Colondro* v. *State* (1919), 188 Ind. 533; *Bohan* v. *State* (1924), 194 Ind. 227, 141 N. E. 323.

No other question being presented in appellant's brief, and no error appearing in the record, the judgment is affirmed.