## HINES *v.* STATE OF INDIANA.

[No. 24,860.   Filed February 2, 1926.   Rehearing denied April 22, 1926.]

1. CRIMINAL LAW.—*Duty of trial court to state the issues to jury, and to guard against false issues by appropriate instructions.*—It is the duty of the trial court to present to the jury the issues in the case, and where the evidence and statements of counsel are such as possibly to raise a false issue,

the court should guard against such an issue by appropriate instructions. p. 578.

2. CRIMINAL LAW.—*Giving of instruction which asserts that there is no evidence to establish a particular fact is not error if such is the case.*—The giving of an instruction which asserts that there was no evidence to establish a particular fact is not error when such is the fact. p. 578.

3. CRIMINAL LAW.—*Instruction that jury was to disregard what had been said relative to defendant being a common-law wife held proper when there was no evidence on that subject.*—An instruction that the jury was to disregard what had been said in the trial relative to the defendant being a common-law wife, because no evidence had been introduced that she was the common-law wife of any one, was proper in the specific case, and was not objectionable on the theory that it constituted an insinuation that she had been guilty of reprehensible and immoral conduct. p. 578.

4. CRIMINAL LAW.—*Jury held not misled or confused by ambiguous instruction as to finding different verdicts, the prosecution being by affidavit in two counts.*—In a prosecution for two offenses of the same character, each charged in a separate count, an instruction that the jury could find any one of three verdicts, first, a verdict of guilty on the first count, second, a verdict of guilty on the second count, third, a verdict of guilty on both counts, or that it could bring in a general verdict of guilty without mentioning the counts; while not clear, was *held* not to have misled or confused the jury where the defendant was found guilty on one count only. p. 579.

5. CRIMINAL LAW.—*Statements of the court in presence of jury which were not specified as causes for new trial will not be considered on appeal.*—Errors alleged to have occurred during the trial of a cause must be assigned as causes for a new trial in order to have such errors considered on appeal; hence, statements of the court in the presence of the jury which were not specified as causes for a new trial will not be considered on appeal. p. 580.

6. SEARCHES AND SEIZURES.—*When a party disclaims possession or control of a house or premises, his rights are not violated by a search without a warrant.*—When a party disclaims possession or control of a house or premises, his rights are not violated by a search without a search warrant. p. 580.

7. CRIMINAL LAW.—*Defendant cannot complain of illegal search of premises of employer nor to introduction of evidence obtained thereby.*—Defendant cannot complain of illegal search nor object to the introduction of evidence obtained thereby when she was merely the housekeeper for the owner of the

premises searched, same being a dwelling where she was employed, and she did not claim ownership of the property taken away by the officers making the search. p. 580.

8. CRIMINAL LAW.—*Confession is presumed to be voluntary until contrary shown, and is admissible in evidence unless shown to have been made under influence of fear or threats.*—A confession by a defendant is presumed to have been voluntarily made until the contrary is shown, and is admissible against him unless shown to have been made under the influence of fear or threats. p. 581.

9. CRIMINAL LAW.—*Supreme Court is not to determine which of two conflicting inferences jury should have drawn from circumstantial evidence.*—Where circumstantial evidence is such that two conflicting inferences may reasonably be drawn therefrom, one tending to prove the guilt of the accused and the other favorable to his innocence, it is not for the Supreme Court to determine which should have controlled the jury. p. 581.

10. INTOXICATING LIQUORS.—*Evidence held sufficient to sustain conviction for manufacturing intoxicating liquor.*—Evidence *held* sufficient to sustain conviction for manufacturing intoxicating liquor. p. 581.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

May Hines was convicted of manufacturing intoxicating liquor, and she appeals. *Affirmed.*

*Walterhouse & Miller,* for appellant.

*Arthur L. Gilliom,* Attorney-General, *Arnet B. Cronk* and *Carl J. Wilde,* for the State.

GEMMILL, J.—Appellant was prosecuted upon an affidavit containing two counts, alleging violations of the prohibition law. Count one charged appellant with unlawfully manufacturing intoxicating liquor: Acts 1923, ch. 23, §1. And count five charged her with unlawfully maintaining and assisting in maintaining a common nuisance. Acts 1917, ch. 4, §20.

The trial was by jury and she was found guilty as charged in the first count. From the judgment rendered on the verdict, she has appealed. The only as-

signment of error relied upon is that the court erred
in overruling her motion for a new trial. By this mo-
tion, the sufficiency of the evidence, the giving of cer-
tain instructions and the admission of some of the
evidence are questioned.

Appellant excepted to instruction No. 7, given by the
court on its own motion. Part of instruction reads as
follows: "The court further instructs you that
1-3. there has been something said by both sides in
this case in regards to the common-law wife.
The court instructs you that there is no evidence been
introduced in this case at all that this defendant is the
common-law wife of John Wiggens or any other person
or that she is the wife of John Wiggens, or any other
person. So the jury is instructed that they are not to
consider that proposition at all, because that issue in
the law does not enter into this particular case.
* * * And the common-law wife or common-law
husband has nothing to do with the issues in this case
whatever." It was the duty of the court to present to
the jury the issues in the case. The jury must form
their conclusions as to the facts solely from the evi-
dence admitted in the trial. In 1 Randall, Instructions
to Juries §1, it is said: "* * * where the evidence
is of such a character as may easily lead to the raising
of a false issue, the court should guard against such an
issue by appropriate instructions." One of the princi-
pal benefits to be derived from a charge to the jury is
the elimination of irrelevant matters and causes of ac-
tion or allegations, as to which no evidence has been
offered, so that the jury will clearly understand the
issues to be decided. Irvin v. Southern R. Co. (1913),
164 N. C. 5, 80 N. E. 78. In the instant case, the court
evidently believed that a false issue had been raised
during the trial, not by the evidence, but by statements
of the attorneys on each side. What was said on the

subject mentioned in the instruction "by both sides" is not set out in the record; but it is not claimed that the statement of the court in regard thereto was not true. An instruction which assumes that there is no evidence to establish a particular fact is not erroneous if such is the case. 14 R. C. L. 748, §18, and cases cited. A careful examination of all the evidence shows that there was no evidence on the subject of the part of the instruction quoted. Appellant insists that this instruction was calculated to deprive her of the presumption of innocence with which the law clothes her, and that same was an insinuation that she was guilty of reprehensible and immoral conduct and same was calculated to disgrace her in the minds of the jury and to prejudice and bias the jury against her. She proved by her sister, who was her only witness, that she had been the housekeeper for John Wiggens for eight or ten years and that she was paid for her services. This instruction can be construed as favorable to the defendant and as protective of her rights against what was said in the presence of the jury, about which there was no evidence. The objections made to this instruction are not well taken. The court was justified in giving same, and no error resulted therefrom.

Part of instruction No. 14, which was the last of the instructions given by the court on its own motion, and also objected to, is as follows: "The court instructs you that there are three verdicts that could be found in this case. You could do this, if the evidence should warrant it beyond a reasonable doubt, you could find the defendant guilty of the first count of the affidavit or you could find the defendant guilty of the fifth count of the affidavit if the evidence so warrants it beyond a reasonable doubt, and you can find the defendant guilty of both counts of the affidavit, the first and the fifth, if the evidence warrants it

beyond a reasonable doubt, or you could bring in a general verdict, that would be more than three verdicts—you could bring in a general verdict and not allege or say in the verdict what count you find her guilty of, if the evidence warrants it beyond a reasonable doubt, or you can find the defendant, not guilty." The remainder of the instruction contained forms of verdicts that could be returned in case of conviction on first count, on fifth count, on the affidavit and in case of acquittal. Appellant says that by this instruction the jury was first told that they could return three verdicts, and later therein there was a reference to a general verdict which the court said "would be more than three verdicts," and that because of said statements the instruction was contradictory and misleading. The first part of the instruction was not clear and cannot be commended, but as the jury found the defendant guilty on only one count of the affidavit and followed the instruction in regard to verdict thereon, said verdict being based on ample evidence, it seems evident that they were not misled and did not become confused by the part thereof to which objection is made.

Much space is given in appellant's brief to remarks made by the court in the presence of the jury, which it is claimed were prejudicial to her cause. These 5. statements of the court were not made specifications for a new trial, and no question is presented on same for review. Errors alleged to have occurred during the trial of a cause, must be saved by assigning same as causes for a new trial in order to have such errors considered on appeal.

Objection was made to the introduction in evidence of the search warrant to search building and premises of John Wiggens at a stated location. Appellant 6-7. objected to its admission and moved to strike it out, giving as reasons therefor that it showed on

its face that the defendant had no connection with it, that it was irrelevant and immaterial, and could not prove any of the issues in the case until the defendant was shown to be connected with it. And it is claimed that the court erred in permitting certain officers to testify as to what was found in the search of John Wiggen's house, on the ground that, as far as appellant was concerned, the search was unlawful. In her brief, appellant says: "The search warrant was not to search premises of appellant, nor premises over which she had any authority or control." It has been held that when the defendant disclaims possession of a house, his rights are not violated by search. *Chicco* v. *United States* (1922), 284 Fed. 434; *Jones* v. *United States* (1924), 296 Fed. 632. Upon the trial, the appellant did not claim ownership in the property taken away by the officers by virtue of the search warrant, and she attempted to prove that the state's exhibits belonged to her employer. A person not being the owner or proprietor of the premises searched by virtue of a search warrant, and not claiming any interest in the property so found, cannot complain upon the trial, of an alleged illegal search nor object to the introduction of evidence thus obtained. *Walker* v. *State* (1924), 194 Ind. 402, 142 N. E. 16; *Earle* v. *State* (1924), 194 Ind. 165, 142 N. E. 405; *Snedegar* v. *State* (1925), 196 Ind. 254, 146 N. E. 849; *Remus* v. *United States* (1923), 291 Fed. 501.

From the evidence, it appears: That on September 12, 1924, officers of the city of Muncie, who had a search warrant, searched the residence of John Wiggens at 1715 South Franklin street in that city. That they found 124 bottles of beer, about fifty empty bottles, a capper, two six-gallon jars that smelled of liquor, some rubber hose, a can and a jug. That while two of the officers were there Mr. Wiggens and the appellant, who was his housekeeper, arrived. That in

the presence of two of the officers, appellant said that she had made the beer, unbeknown to Mr. Wiggens, and he did not know anything about it, that about a hundred bottles had been made two days before; and Mr. Wiggens said he had been working at Knightstown and he did not know anything about the beer. That some of the beer which had been analyzed contained four and thirty-four one-hundredths per cent. alcohol by volume at sixty degrees Fahrenheit. A confession by a defendant is presumed to have been voluntarily made until the contrary is shown and is admissible against him unless shown to have been made under the influence of fear or threats. *Hauk* v. *State* (1897), 148 Ind. 238, 46 N. E. 127, 47 N. E. 465; *Ginn* v. *State* (1903), 161 Ind. 292, 68 N. E. 294; *Ogle* v. *State* (1920), 193 Ind. 187, 127 N. E. 547; Ewbank, Indiana Criminal Law §416. The incompetency of the confession was not shown. Appellant argues that there should not be a conviction upon the evidence, unless to a moral certainty it excludes every other reasonable hypothesis than that of guilt. This court has held that where circumstantial evidence is such that two conflicting inferences may be reasonably drawn therefrom, one tending to prove the guilt of the accused and the other favorable to his innocence, it is not within the province of the Supreme Court to determine which inference should have controlled the jury. *Lee* v. *State* (1921), 191 Ind. 515, 132 N. E. 582; *Polonius* v. *State* (1923), 192 Ind. 664, 138 N. E. 259; *Lowery* v. *State* (1925), 196 Ind. 316, 147 N. E. 151. The verdict was sustained by sufficient evidence and was not contrary to law. It was not error to overrule the motion for a new trial.

Finding no reversible error, the judgment is affirmed.