## FULLEN *v.* STATE OF INDIANA.

[No. 24,953.    Filed April 30, 1926.    Rehearing denied November 3, 1926.]

1. CRIMINAL LAW.—*In determining sufficiency of the evidence to sustain conviction, Supreme Court will consider only the evidence favorable to the state.*—On appeal from a criminal prosecution, in determining whether the evidence is sufficient to sustain the finding, the Supreme Court will consider only the evidence favorable to the state, with the inferences and conclusions to be drawn therefrom, and will not consider any evidence which contradicts the evidence of the state. p. 408.

2. INTOXICATING LIQUORS.—Evidence *held* sufficient to sustain conviction for transporting intoxicating liquor in an automobile in violation of Acts 1923 p. 108. p. 412.

From Marion Criminal Court (57,626); *James A. Collins,* Judge.

Katherine Fullen was convicted of transporting intoxicating liquor in an automobile, and she appeals. *Affirmed.*

*Slack & Rinier,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—The appellant appealed from a conviction of unlawful transportation of intoxicating liquor in an automobile, in violation of §1, ch. 34 of an act concerning intoxicating liquor and declaring an emergency, Acts 1923 p. 108.

The prosecution was upon an affidavit charging that the appellant Katherine Fullen and Gordon Moore, on or about October 24, 1924, A. D. at and in the county of Marion, State of Indiana, did then and there unlawfully, knowingly and feloniously transport intoxicating liquor in an automobile within the county of Marion and state aforesaid, in violation of the laws of this state.

The trial was by the court without a jury and the court found appellant guilty, and pronounced judgment on the finding that appellant, for the offense so committed by her, be fined in the sum of $100 and that she be imprisoned in the Indiana Woman's Prison for a term of not less than one or more than two years; that she pay and satisfy all costs and charges herein.

From this judgment appellant appeals and assigns as error that the court erred in overruling her motion for a new trial. The only question presented by appellant's brief under that assignment of error is, that the finding of the court is not sustained by sufficient evidence.

In determining whether the evidence is sufficient to sustain the finding, this court will consider only the evidence most favorable to the state with the inferences and conclusions to be drawn therefrom, and will not consider any evidence which contradicts this evidence of the state. *Howard* v. *State* (1921), 191 Ind. 232.

1.

The evidence most favorable to the state is as follows: A witness, Wm. H. Crowe, testified as follows: "I know Katherine Fullen and Gordon Moore. I saw them on the 20th day of October, 1924, at 551 W. Wilkins Street, Marion county, Indiana, and had a conversation with them about a trip to Chicago. A woman named Vida Steadman was with me. We visited their place on that day between 6:30 and 8:00 and made arrangements to go to Chicago after a load of whisky the following day. I did the talking. The Steadman woman asked when we were going after a load and Mrs. Fullen said, the following day. She asked if Vida Steadman and I were going along. She didn't say who, if anyone, she was going to take along. The next day I saw Mrs Fullen at her home and Gordon Moore was with her. Gordon Moore was working on a Marmon

automobile. She was in the house and Mrs. Steadman went in the house. I was talking to Gordon Moore about the car. About 2 we left for Chicago. Mrs. Steadman, Mrs. Fullen, Gordon Moore and I. We went to Chicago Heights. Mrs. Steadman knew where the place was where we came to get the load. After the car was loaded, I went on into Chicago and went over and sent a wire to Indianapolis, to the federal officers, and started back home. Mrs. Steadman was with me. The defendants drove back home the following day. I left defendants at Danville. I didn't bring any liquor back with me. I was driving a Hupmobile and they were driving a Marmon. The last I saw of Gordon Moore and Katherine Fullen was in Danville, Illinois. They stopped to get a fan belt on the car. At Chicago Heights, we stopped and watched them drive up. In my conversation with Katherine Fullen, she said she was going to Chicago to get a load. The night before we went out there to get some whisky and she said she didn't have any but she was going the following day after some. I was in Chicago with Gordon Moore and Katherine Fullen. They were in a Marmon car. I have seen the car since. It is now in the care of the sheriff. I drove to Chicago Heights and came back with Vida Steadman. She had a Hupmobile roadster. I didn't see the Fullen woman and Gordon Moore on the return trip. I saw them drive to Chicago Heights, about the last I saw of them. I sent a telegram to the federal officers that the car was on the road. This was about 12:30 a. m. I didn't see them leave Chicago Heights."

Another witness, a deputy sheriff, testified as follows: "I know defendants. I placed them under arrest October 22, 1924. I arrested Gordon Moore first, in front of 551 W. Wilkins street. He was taking alcohol out of the Marmon car. He just had a couple of cans in his

hand when I got up to the machine. There were six five-gallon cans in the back and ten one-gallon cans in front. They all contained alcohol. This was in Marion county, Indiana. I arrested the Fullen woman. She was in the house with her coat on. As I went into the door of the kitchen, she came in the house with her hat and coat on."

Another witness testified for the state as follows: "I am a federal prohibition agent. Was present when Gordon Moore was arrested. Katherine Fullen, her mother and a Mrs. Davis all lived there at that place, I believe. Katherine Fullen was there. She came in shortly after we arrived. Gordon Moore was unloading a car load of liquor. I saw him have two cans of liquor in his hands after we drove up. I saw him before we made the arrest. After receiving the telegram sent to me, giving me the number of the car and about the time they would arrive, I got in touch with the sheriff and went out to the county line until the car came up. When it came up, we took after the car but the car got away from us. Our car was not working just right. We then drove around to this place, 551 W. Wilkins street. The license on the car was 444171. It was a Marmon car, a small enclosed car. The car which I saw in the 500 block on Wilkins street was a Marmon coach and had the same license number as this one on it. I didn't talk to Moore to any great extent. I asked him what he was doing there and do not remember his reply now. When we got up there placed him under arrest and seized the car of liquor. Two deputy sheriffs were there besides me. The Fullen woman was arrested, but I didn't arrest her. It was on the Rockville road that we saw this car that we found at 551 W. Wilkins street. I would call it a Marmon coach not a coupe."

Another witness for the state testified as follows:

"I am deputy sheriff of Marion county. I saw Katherine Fullen and Gordon Moore before placing them under arrest. I first saw them on the Rockville road and followed them. I was able to keep up with them a short distance. We had the license number before we started and I got it at that time. We followed after them and lost them on the road. We then went to 551 W. Wilkins street. I saw Gordon Moore was taking gunny sacks out of the car, at 5:30 in the morning. I jumped out of the car and put my gun on him. He came in the Rockville road and turned over onto Tibbs avenue onto Morris street. I asked him why he was going so fast, and he didn't say anything. I saw liquor in that car and I had a conversation about it. I asked him for a key to the back end of the car and he said he didn't have any. I searched him and found he had some keys in his pocket. There was six five-gallon cans in the back and ten one-gallon cans in the front end. He said the liquor belonged to him. The car was in the name of Katherine Fullen. I saw her there. She was fully dressed. She had her hat and coat on at 5:30 in the morning. Moore said he had driven the car in and that was the last time he was going to haul intoxicating liquor. This occurred in Marion county, Indiana."

Katherine Fullen testified as follows: "I live at 551 W. Wilkins Street. Have lived there since last June. Have never been arrested for liquor transaction. The first time I saw Mr. Crowe, he came to the house with Vida Steadman. She wanted me to go to Chicago with her. She asked the next morning if I would go. I told her I had not decided. She said she would be back at 11 o'clock and she came."

There is evidence in the record contradicting this evidence, but this court has held many times that evidence contradicting the evidence in support of the finding or

verdict cannot be considered when determining
2. whether the evidence is sufficient to support the finding or verdict. From the evidence, the trial court could reasonably infer that the appellant was guilty as charged in the affidavit. The evidence supports the finding. The judgment of the trial court is affirmed.