## COCHRAN v. STATE OF INDIANA.

[No. 25,172.    Filed March 9, 1927.]

1. CRIMINAL LAW.—The credibility of witnesses and the weight to be given to their testimony are questions exclusively for the jury.  p. 128.

2. CRIMINAL LAW.—*Appellate tribunal may not determine which of two conflicting inferences should have been drawn from circumstantial evidence.*—Circumstantial evidence may be sufficient to sustain a conviction, and when two conflicting inferences may be drawn from such evidence, one tending to prove the guilt of the accused and the other favorable to his innocence, it is not within the province of an appellate tribunal to determine which inference should have been drawn.   p. 128.

3. INTOXICATING LIQUORS.—Evidence *held* sufficient to sustain conviction for transporting intoxicating liquor in automobile.    p. 128.

4. INTOXICATING LIQUORS.—*Evidence as to finding liquor, gun, cartridges, and belt in automobile competent in prosecution for transporting liquor in vehicle.*—In a prosecution for unlawfully transporting intoxicating liquor in an automobile, evidence of finding liquor, gun, cartridges and cartridge belt in and about automobile in which accused had been riding is competent.    p. 128.

From White Circuit Court; *Benjamin F. Carr*, Judge.

Ernest Cochran was convicted of unlawfully transporting intoxicating liquor in an automobile, and he appeals.   *Affirmed.*

*Glenn R. Slenker* and *Slack, Rinier & Anderson*, for appellant.

*Arthur L. Gilliom*, Attorney-General and *Harry L. Gause*, Deputy Attorney-General, for the State.

GEMMILL, C. J.—The appellant was charged by affidavit with unlawfully transporting intoxicating liquor in an automobile, in White county, on or about July 11, 1925.   The prosecution was under §7, ch. 48, Acts 1925 p. 146, §2720 Burns 1926.   He entered a plea of not guilty and was tried by a jury, which found that he was guilty.   Judgment of fine and imprisonment was rendered on the verdict.   He has appealed from the judgment, assigning as error that the court erred in overruling his motion for a new trial.

The principal cause stated in the motion for a new trial is that the verdict of the jury is not sustained by sufficient evidence. The evidence was as follows: An automobile, which was a roadster and which was traveling at a high rate of speed, turned over at a corner on the Jackson highway in the north end of the town of Wolcott, on the day named in the affidavit. Three witnesses testified that prior to the accident, they had seen three men in the automobile, two of whom were riding in the seat, and the third was riding on a rear seat or on the back end of the car. No witness directly identified appellant as being one of them. Soon after the accident, two men in a Ford coupe drove up to the place where the accident occurred and three men approached them and asked to be taken to a doctor. One of these three was the appellant. The three men started to ride on the running boards, but after going a short distance, one, who was injured, could not ride in that manner. One of the men got out of the car, and the two injured men got on the inside. Appellant then rode on the left running board and the man who had gotten out of that automobile rode on the right running board. The driver attempted to stop in Wolcott and appellant told him to step on it and get out of there, and acted like he was reaching for a gun. The driver was told to go east, which he did, and soon reached the town of Reynolds, where a deputy sheriff stepped out and motioned for them to stop. The appellant told the driver to drive on, but he refused to obey and stopped. In the wrecked automobile, almost one hundred gallons of alcohol were found by the sheriff of White county, who happened to be in Wolcott at that time. The two men who were injured in the accident were Joe Lewis and Edward Dicks. A deputy sheriff testified that the appellant said he knew Edward or "Red" Dicks. The only witness called on behalf of the defendant was Edward Dicks,

who said he and Lewis were driving from Chicago to Indianapolis and had one hundred gallons of alcohol in the back compartment of the car, and that there was not a third man with them and that he did not know the defendant prior to the time of the accident.

It is contended by appellant that there is no evidence of his guilt.   It is apparent that the jury did not believe the testimony of Edward Dicks, the only witness on behalf of the defendant, in regard to him, for if he had been believed, the defendant could not have been convicted.   The credibility of a witness and the weight to be given his testimony are questions exclusively for the jury.   Appellant was convicted on circumstantial evidence.   When circumstantial evidence is such that two conflicting inferences may be drawn therefrom, one tending to prove the guilt of the accused and the other favorable to his innocence, it is not within the province of the court on appeal to determine which inference ought to control.   *Lee v. State* (1901), 156 Ind. 541, 546, 60 N. E. 299; *Howard v. State* (1921), 191 Ind. 232, 237, 131 N. E. 403; *Lee v. State* (1921), 191 Ind. 515, 519, 132 N. E. 582; *Rosenberg v. State* (1922), 192 Ind. 485, 134 N. E. 856; *Polonius v. State* (1923), 192 Ind. 664, 665, 138 N. E. 259; *Chaney* v. *State* (1923), 193 Ind. 533, 537, 141 N. E. 223; *Faulkenberg* v. *State* (1926), 197 Ind. 491, 151 N. E. 382.   The evidence was sufficient to support the inference drawn by the jury that appellant was guilty, as charged.

The evidence introduced by the state as to the finding of liquor, gun, cartridges and cartridge belt in and about the wrecked automobile was all competent.

4.    Instruction No. 1 tendered and requested by the defendant, which stated that the jury should return a verdict in favor of the defendant on the evidence submitted, was properly refused by the court.   Other causes in the motion for a new trial are not presented

for review. The ruling on the motion for a new trial was not erroneous.

The judgment is affirmed.