### WINTERS *v.* STATE OF INDIANA.

[No. 25,129. Filed March 6, 1928. Rehearing denied May 9, 1928.]

*Evans & DeWitt* and *S. R. Hunter,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *George J. Muller,* Deputy Attorney-General, for the State.

MARTIN, J.—Appellant was prosecuted by an affidavit filed in the Henry Circuit Court on September 15, 1925, charging him with having been found in a state of intoxication in a public place, in violation of Acts 1925 ch. 48, §8, §2721 Burns 1926. After a plea of not guilty, the cause was submitted to the court for trial and resulted in a finding of guilty and a judgment assessing a fine and costs against the defendant.

The errors relied upon for reversal are that the court

erred in overruling appellant's motion for a new trial and in sustaining the state's demurrer to appellant's plea in abatement, wherein it is alleged that an affidavit charging the same offense was filed against appellant in the city court of Newcastle on September 14, 1925, that appellant appeared thereto, entered a plea of not guilty, requested and was granted a jury trial; that on September 15, over the objection of appellant, the said charge was dismissed in the city court, and the present charge was thereupon filed in the circuit court.

Appellant contends that where a prosecuting officer files a criminal charge against a person in a court having jurisdiction, he cannot dismiss the case over the objection of the defendant, or without the consent of the defendant having been obtained, and then "refile the same charge" (i. e. begin another prosecution for the same offense) in another court of competent jurisdiction and there prosecute the defendant. He bases this contention upon the rulings of this court in the cases of *State* v. *Woulfe* (1877), 58 Ind. 17, 19; *Kistler* v. *State* (1878), 64 Ind. 371, and *State* v. *Dix* (1897), 18 Ind. App. 472, where voluntary dismissals of criminal proceedings against defendants by prosecuting attorneys in the absence of the defendants and without their consent were held to be equivalent to *nolle prosequi*. Such a prosecution cannot thereafter be reinstated over the objection of the defendant. *Kistler* v. *State, supra.* The question raised in the case at bar, however, is essentially different from that decided in the cases upon which appellant relies. Here, the prosecuting attorney did not seek to reinstate a prosecution where there had been a dismissal, but filed a new action. In such a case the dismissal or *nolle prosequi* entered before the jury was empaneled and sworn is not equivalent to an acquittal and does not bar the subsequent prosecution for the same offense. 16 C. J. 248. *Dye* v. *State* (1891),

130 Ind. 87; *Halloran* v. *State* (1881), 80 Ind. 586, 588; *Gillespie* v. *State* (1907), 168 Ind. 298, 80 N. E. 829; *Morgan* v. *State* (1859), 13 Ind. 215, and *Bush* v. *State* (1920), 189 Ind. 467, 128 N. E. 443.

In *Dye* v. *State, supra*, it was said:

> "Before jeopardy attaches a prosecution may be dismissed, although an indictment has been preferred. . . . After a *nolle prosequi* is entered and a prosecution ended, the accused may be prosecuted by information if the grand jury has been discharged and the court is in session."

In the case at bar, as in *Halloran* v. *State, supra*, it is clear that the appellant had not been in jeopardy at the time the prosecutor asked leave to dismiss, for jeopardy does not attach until the first step of the trial is taken, although, as explained in the case just cited,

> "Where jeopardy has been actually incurred, there there can be no dismissal at all (and) a *nolle prosequi* in such a case, is, in effect, an acquittal of the accused. *Joy* v. *State* (1860), 14 Ind. 139."

Appellant contends that the evidence is not sufficient to sustain the judgment. The defense introduced testimony that a defective steering apparatus caused appellant to lose control of an automobile which he was driving; that appellant had a peculiarity of speech at all times, and that he was ill and weak with stomach and nervous trouble prior to and at the time of his arrest, thus offering a reasonable explanation, consistent with his innocence, of most, if not all, of the facts brought out by the prosecution. The state introduced testimony that appellant staggered around, was unsteady on his feet, could not stand up or walk straight and had the smell of liquor on his breath, and three witnesses testified that in their opinion he was intoxicated. The court apparently believed the state's evidence and drew therefrom the inference that the appellant was in a state of intoxication in a public place

instead of drawing the inference from the appellant's evidence for which he contends.

Under general and well-settled rules of law in effect in this state in criminal cases, the Supreme Court will not determine the credibility of witnesses;[1] nor the weight of evidence in general;[2] nor the weight of conflicting evidence;[3] a judgment will not be set aside if there is substantial evidence, either direct or inferential, which, standing alone, fairly establishes all the material facts necessary to constitute the crime;[4] and where the evidence, either direct or circumstantial, is such that two inferences may reasonably be drawn therefrom, one of guilt and one of innocence, it is not within the province of the Supreme Court to determine which inference should have controlled, that being exclusively for the jury, or for the trial court.[5] Application of these rules to the case at bar requires that the judgment be affirmed.

[1] *Weinzorpflin* v. *State* (1844), 7 Blackf. (Ind.) 186, 198; *Clarke* v. *State* (1869), 32 Ind. 67; *Straw* v. *State* (1925), 197 Ind. 606, 149 N. E. 430, 151 N. E. 695.

[2] *Gibson* v. *State* (1857), 9 Ind. 264, 266; *Deal* v. *State* (1894), 140 Ind. 354, 39 N. E. 930; *Cazok* v. *State* (1924), 196 Ind. 63, 65, 147 N. E. 138; *Evans* v. *State* (1927), 199 Ind. 55, 155 N. E. 203, 209.

[3] *Joseph* v. *State* (1874), 47 Ind. 255; *Mahoney* v. *State* (1925), 197 Ind. 335, 149 N. E. 444; *Tisdale* v. *State* (1927), 199 Ind. 1, 154 N. E. 801; *Fullen* v. *State* (1926), 198 Ind. 407, 151 N. E. 616.

[4] *Mauck* v. *State* (1879), 66 Ind. 177; *Goodman* v. *State* (1918), 188 Ind. 70, 121 N. E. 826; *Kocher* v. *State* (1920), 189 Ind. 578, 127 N. E. 3; *Payne* v. *State* (1923), 194 Ind. 438, 143 N. E. 283; *Chaney* v. *State* (1923), 193 Ind. 533, 537, 141 N. E. 221; *Osborn* v. *State* (1927), 199 Ind. 44, 154 N. E. 865.

[5] *Lee* v. *State* (1901), 156 Ind. 541, 546, 60 N. E. 299; *Lee* v. *State* (1921), 191 Ind. 515, 519, 132 N. E. 582; *Howard* v. *State* (1921), 191 Ind. 232, 237, 131 N. E. 403; *Rosenberg* v. *State* (1922), 192 Ind. 485, 134 N. E. 856; *Polonius* v. *State* (1922), 192 Ind. 664, 138 N. E. 259; *Dudley* v. *State* (1925), 196 Ind. 329, 146 N. E. 398; *Faulkenberg* v. *State* (1925), 197 Ind. 491, 151 N. E. 390; *Starks* v. *State* (1925), 197 Ind. 468, 151 N. E. 332; *Hines* v. *State* (1925), 197 Ind. 575, 150 N. E. 371; *Pocker* v. *State* (1925), 197 Ind. 599, 150 N. E. 408; *Cochran* v. *State* (1927), 199 Ind. 126, 155 N. E. 551.

Several hundred cases decided by this court support the foregoing propositions, (see citation to over two-hundred of them in Key number §1159 Criminal Law, Indiana and North Eastern Digests). The only criminal cases we have noted which seem to vary the general rule are *Surber* v. *State* (1884), 99 Ind. 71, 76, and *Martin* v. *State* (1867),

28 Ind. 310. In *Surber* v. *State*, *supra*, the court recognized, in an opinion by Judge B. K. Elliott, "the long-established rule of this court never to undertake to determine the credibility of witnesses or to interfere with the verdict of the jury upon the evidence, except in the plainest and strongest cases of a disregard or misapplication of the evidence by the jury," and in *Martin* v. *State*, *supra*, it said, in an opinion by Judge J. Elliott: "The jury are the proper judges of the facts and of the credit that should be given to witnesses and where there is evidence which, if uncontradicted, would sustain the verdict, this court will only interfere with the finding in extreme cases," and, quoting from *Toledo and Wabash R. Co.* v. *Goddard* (1865), 25 Ind. 185, said: "If there is evidence from which the jury might reasonably find or infer a fact, and they find accordingly, this court will not disturb the verdict because there is other evidence in conflict with that on which the finding is based. But where the evidence in support of the finding is clearly and overwhelmingly or conclusively contradicted, it would be a reproach to the law and a flagrant outrage upon the right of the parties to refuse to disturb the verdict, simply because it had been found by a jury." This holding in *Toledo and Wabash R. Co.* v. *Goddard*, *supra*, was criticized in *Deal* v. *State* (1894), 140 Ind. 354, 357, and in *Ft. Wayne, etc., R. Co.* v. *Husselman* (1878), 65 Ind. 73, 76.