No. 17,766.

## HARLESS *v.* HARLESS ET AL.

APPELLATE PROCEDURE.—*Evidence.*—*Objection.*—An objection to an answer responsive to the question asked by the party objecting, is not available on appeal.

EVIDENCE.—*Attorney and Client.*—That a witness has been attorney for a party does not disqualify him to testify as to statements or declarations of the latter, which are not confidential communications made in the course of professional business, under section 505, R. S. 1894.

SAME.—*Declarations of Agent Adverse to Principal.*—The declarations of an agent against the interest of his principal, are not inadmissible against the latter because the agent is joined as an adverse party in the action.

SAME.—*Motion to Strike Out.*—*When Properly Overruled.*—A motion to strike out all of a witness' testimony is properly overruled, if some part of it is admissible.

From the Madison Circuit Court.

*Diven & McMahan,* for appellant.

*F. P. Foster,* for appellees.

MCCABE, J.—The appellant sued the appellees in a complaint of two paragraphs to quiet her title to certain real estate in Madison County.

The issues formed upon the complaint and a cross-complaint were tried by the court, resulting in a finding and judgment for the defendants over a motion for a new trial.

Overruling the motion for a new trial is the only error assigned here. The errors complained of in the motion for a new trial are that the finding is contrary to law and the evidence, and is not sustained by sufficient evidence, and that the court erred in "permitting Henry C. Ryan, a witness for the defendant, to

testify, over objection of plaintiff, as to a conversation he had with Adam Harless   *   *   *   in the absence of the plaintiff, and while said —— Ryan was attorney for said Harless and considering matters and things about which he was consulted as an attorney by said Harless."

The appellant was the holder of a tax deed to the land in controversy, she being the wife of Adam Harless. The sole object of the suit was to enforce the lien in her favor for the taxes for which the land had been sold and subsequent taxes paid by her while she held the tax certificate and deed, the tax title being confessedly invalid.

The land was owned by one Wesley Harless, a brother of appellant's husband, Adam Harless; Wesley had been adjudged a person of unsound mind by said circuit court. Wesley's estate in the land was for and during his life, with remainder over to his children or the survivors of them. He had been married and divorced, having three children by the marriage, one of which only survives; that was Evans Harless, an infant defendant in this action. In the divorce proceedings there was a judgment for alimony against Wesley, upon which his interest in the land was sold to his divorced wife, and she having assigned the certificate to the defendant, Daniel P. Bricker, and the land not having been redeemed at the expiration of one year from said sheriff sale, a sheriff's deed was executed to said Bricker.

The only controversy here is whether the evidence justified the court in finding against the plaintiff as to the existence of her claim and lien for taxes. There is no dispute about the fact that she held a tax title, and that it was invalid, and that she had paid subsequent taxes on the land.

But the theory of the defense as to such lien for

taxes is that appellant had possession, and the rents, issues and profits for several years, which were more than all that was due her on account of such taxes, penalty, interest and cost.

On the other hand, it is claimed on her behalf, that she was not in possession and did not receive any of the rents, issues and profits at all. The report of the evidence by the official stenographer, as incorporated in the bill of exceptions, is very imperfect and very much confused. The decree assumes to declare a deed by Wesley to Andrew M. Harless, son of appellant and Adam Harless, void, and a mortgage by said Wesley to one Samuel Harless void, which are not embraced in the evidence. But no question is made about these instruments. Andrew M. Harless was single, and only about twenty years of age when his mother got her tax title, and lived with his parents. The appellant testified that he, her son, had a deed for the land and took the rents, and that she did not get any of them.

But there was evidence from which the court might have reasonably and logically inferred that it had been agreed that Andrew M. was to apply the rents to the payment of his mother's tax lien, and that he and his father, Adam, received more than enough to discharge the same, and that his said father, husband of the appellant, acted as her agent in the matter.

The following question by the appellees to their witness was asked: "State, Mr. Ryan, what was said and done there? A. Well, as I stated, Wesley Harless and Adam Harless came there (to his office), and I am not sure, but I think Andrew M. Harless, the grantee of the deed, they came there for the purpose of fixing up the title to the land. They agreed between themselves there that the land was to be deeded, as I remember, to Andrew M. Harless, and there was to be a writ-

ten contract made between Wesley Harless and either Adam or the wife, Mrs. Elizabeth Harless, I don't remember which, by which they were to take the land and out of the proceeds of the farm reimburse Mrs. Elizabeth Harless." In answer to another question the same witness stated: "The land was conveyed to Andrew M. Harless, with the understanding that the income and profits arising from the farm would be applied for payment of the taxes to reimburse Elizabeth Harless and to pay the accruing taxes."

There was other evidence from which it might have been fairly inferred that the appellant consented to this arrangement and either got the rents from her son or allowed him to keep them as a gift. Such rents are shown to be of much greater value than the appellant's claim for taxes.

It is true the appellant denies in her testimony that she ever had possession or received any of the rents. But we cannot weigh conflicting evidence and determine where the preponderance is. Aside from the testimony of appellant and her husband, there is sufficient evidence to warrant the court in drawing the inference that the rents passed under appellant's control in an amount more than sufficient to pay her claim for taxes.

The foregoing conversation detailed by the witness Ryan, was objected to by the plaintiff's attorney as follows: "We object to it on the part of Adam Harless because he is made a defendant here.   *   *

" We further object on the part of the plaintiff, because Mrs. Harless wasn't present."

"Court.  Do you know for whom Mr. Adam Harless was acting in that matter?  A.  Adam acted for his wife in all of these matters as far as that is concerned.

"Q.  Was he acting at that time for his wife ?  A.  My

impression is, my recollection is, he was; he was buying this certificate (the certificate of tax sale) for her."

There was no available error in overruling the objection on the ground that Adam was a defendant. These were not self-serving declarations. It was but evidence of a contract made between Wesley, Andrew M. and Adam Harless for the benefit of Elizabeth Harless, Adam's wife, not binding on her unless her husband was authorized to act for her, or unless she afterwards ratified his acts.

On cross-examination the witness Ryan was asked: "Who did you learn it from?" (that he was acting for his wife). He answered: "If I learned it I learned it from the parties there."

Appellant's attorney then said: "I object, it isn't competent to prove agency; Mrs. Harless wasn't there."

To say the least of it, this objection is so indefinite as to render it impossible for the trial court to know what to do with it. It was an objection to the answer of the witness to a question put to the witness by the objector. The answer was responsive to the question, and was much more intelligible than the objection. It does not lie in the mouth of a party to object to an answer which he himself calls for.

Before the witness proceeded to state what had occurred in his office between Wesley, Andrew M. and Adam Harless, the plaintiff's counsel asked him certain questions, which, together with his answers, are as follows: "But were you acting for Adam Harless? A. Well, I don't know hardly how to explain that; they came there to make a transaction, or to make some disposition of this real estate."

"Q. Hadn't you been Adam Harless' attorney in

litigation before this?   A.   I had been his attorney, that is, in other litigations."

"Q.   With reference to this same matter, had you not been his attorney?   A.   I think it is possible. Adam Harless talked to me about the purchase of the tax certificate   *   *   *   either on that day or other days.   I suppose it was talked of, though, on that day."   Now these questions were asked by the plaintiff's attorney, and their answers were objected to by her attorney on behalf of Adam Harless because Adam was made a defendant, and on the part of the plaintiff because Mrs. Harless was not present.

These objections fall under the same condemnation to which those already mentioned are subject.

The questions were asked by the objector, the answers were responsive to the questions put to the witness.

If the learned counsel did not desire answers to the questions, he should have refrained from asking them, or have withdrawn them.   The objection did not admonish the court of any misstep it had taken so as to correct it.   In fact, the court had had nothing whatever to do with the production of the answers to which objection was made.   That was wholly owing to the fault of appellant's counsel.   If these answers, in the opinion of counsel, revealed that any part of the testimony of the witness was incompetent, and which had not before appeared in his testimony, the proper remedy was to move to strike out such parts of his testimony as were thus shown to be incompetent.

Counsel afterward did make a motion to strike out as follows:   "I now move to strike out all the gentleman's testimony in the matter for the reason it is sought to charge plaintiff in her absence that her presence had no connection with it; and witness de-

tails conversations had while acting as attorney for Adam Harless."

This last objection is very vague and indefinite. The fact that the relation of attorney and client has once existed between a witness and a party does not disqualify such witness to testify as to the statements or declarations of such party, so long as it is not proposed to prove by such witness confidential communications made to such witness in the course of his professional business.   Burns R. S. 1894, section 505, (R. S. 1881, section 497) and cases there cited.   Besides, there is no communication made to the witness by Adam Harless, whether confidential or otherwise, that is testified to by such witness.

The court rightly overruled this motion, if it be conceded that certain parts of the witness' testimony were subject to the objections made because there were parts of his testimony to which such objections did not apply at all; for instance, that part relating to the agreement made between Wesley, Andrew M. and Adam Harless there that day, the motion asked the court to strike out all the testimony of the witness.

The court did not err in overruling the motion for a new trial.

Judgment affirmed, but we do not mean to affirm the judgment for $300 in favor of the guardian *ad litem* against the infant defendant, Evan Harless, or to recognize its validity by this decision.

Filed October 16, 1895 ; petition for rehearing overruled February 14, 1896.