## WALTER BENOIT *v.* CITY OF BAY ST. LOUIS.

[60 South. 137.]

*l*. CRIMINAL LAW. *Evidence. Other offenses. Intoxicating liquors.*

A conviction of the illegal sale of intoxicating liquors where there is no sort of evidence to sustain it, except mere suspicion, will be set aside.

*2*. SAME.

On the trial of a case for the unlawful sale of intoxicating liquors, it was error for the court to permit the state to show previous convictions of various and divers crimes against the defendant.

APPEAL from the circuit court of Hancock county.

HON. J. I. BELLENGER, Special Judge.

Walter Benoit was convicted of the illegal sale of intoxicating liquors and appeals.

The facts are fully stated in the opinion of the court.

*Robt. L. Genin*, for appellant.

The court erred in permitting the witness R. J. Murtagh to testify, in reading from the docket of the mayor's court, as to the number of times and the crimes for which the appellant was convicted.

These propositions can also be argued together. It was manifestly error in permitting the appellee to introduce such evidence in proving his case; it certainly could not have been introduced to prove character of the appellant as a part of its original case. 16 Cyc. 1266; *Kearney* v. *State*, 66 Miss. 233, 8 So. 982; *Smothers* v. *Jackson*, 92 Miss. 327, 45 So. 982.

And for all other purposes this testimony, proving that the appellant had been convicted of several separate, distinct, and disconnected offenses, was erroneously admitted.

In *Whitlock* v. *State*, 6 So. 237, the court said: "Appellant was charged with a specific crime, and it was error to admit testimony to show that he, or that he and others, had committed other crimes disconnceted from the one charged. · The general rule is that the evidence must be confined to the issue, and that on the trial of a person for a particular offense, the state cannot aid the proof against him, by showing that he committed other offenses. The reason of the rule is apparent. Such evidence tends to divert the minds of the jury from the true issue, and to prejudice and mislead them; and the defendant, being informed by the charge against him that he is to be tried for a specific offense, is not prepared to defend against other offenses."

In *King* v. *State*, 66 Miss. 506, 6 So. 188, the rule is announced in practically the same terms as above. See also *Dabney* v. *State*, 82 Miss. 252, 33 So. 973.

In *Cook* v. *State*, 85 Miss. 738, 38 So. 110, the court said: "Under Code 1892, sec. 1784, authorizing the interrogation of witnesses as to whether they have been convicted of crime in order to determine their credibility, testimony of their conviction cannot be given by others until the witness has first denied the same."

I think the rule of law as stated in the above case is decisive of this question.

Cook, J., delivered the opinion of the court.

Defendant was indicted and convicted for violating the city ordinances of Bay St. Louis, charging him with having intoxicating liquors in his possession for the purpose of sale. The evidence discloses about this state of facts:

The city marshal, suspecting that the defendant was going to bring whiskey on a railroad train into the city of Bay St. Louis for the purpose of sale, sent two special deputies to a station within the city limits to watch for the arrival of defendant at that point. The defendant

did get off of the train at that point, and also took off two boxes, which the officers supposed contained whiskey; but, when he saw the presence of the officers, he put the boxes back on the train, and got on the train himself, and proceeded from there to the coal chute, also within the city limits. The marshal himself was on guard at this place, and he says that defendant got off of the train, and took off one of the cases, on which was branded in large letters "Atherton Whiskey;" but, discovering his presence, he immediately reboarded the train with the box.

The city then proceeded to prove, over the strenuous objection of appellant's attorneys, from the mayor's docket of the city, that defendant had been convicted and pleaded guilty, several times previous to this time, of selling, and having and keeping for sale, intoxicating liquors, as well as having been convicted for resisting an officer. At the close of this case, defendant below asked the court to instruct the jury to return a verdict of not guilty. This instruction was promptly refused by the court, and the jury, as promptly, rendered a verdict of guilty as charged.

A very careful reading of the testimony fails to convince us that there was any sort of evidence upon which the jury's verdict could have been based, except mere suspicion. Besides this, we can imagine no theory upon which the court could have acted in permitting the state to prove previous convictions of sundry and divers crimes against defendant upon the trial of this case.

*Reversed and remanded.*