## LAMAR *v.* STATE OF INDIANA.

[No. 23,837.    Filed March 10, 1921.]

1. CRIMINAL LAW.—*Appeal.—Review.—Evidence.—Sufficiency.— Scope of Review.*—In determining the sufficiency of the evidence to sustain a judgment of conviction in a criminal prosection, the court of appeal will look only to the evidence most favorable to the decision, and, if there is any legally admitted evidence to sustain the essential elements of the charge, the judgment must stand.  p. 236.

2. INTOXICATING LIQUORS.—*"Bootleg".—Definition.*—The word "bootleg" has a well understood meaning, and conveys the impression of, and imports the peddling and illegal sale of intoxicating liquor.  p. 236.

3. INTOXICATING LIQUORS.—*Keeping for Sale.—Conviction.—Evidence.—Sufficiency.—Statutes.*—In a prosecution for keeping intoxicating liquor for sale in violation of §4, Acts 1917 p. 15 (§8536a *et seq.* Burns' Supp. 1918), evidence *held* sufficient to sustain a conviction.  p. 236.

4. INTOXICATING LIQUORS.—*Keeping for Sale.—Prima Facie Case.—Possession of Whisky.*—In a prosecution for keeping intoxicating liquor for sale in violation of §4, Acts 1917 p. 15 (§8536a *et seq.* Burns' Supp. 1918), possession of less than one gallon of liquor on defendant's premises was not *prima facie* proof of guilt, in view of §35 of the act, permitting the keeping of one gallon of whisky without subjecting the person in possession to the presumption that he was keeping it for the purpose of sale.  p. 237.

From Marion Criminal Court (50,750); *James A. Collins,* Judge.

Prosecution by the State of Indiana against Richard Lamar.  From a judgment of conviction, the defendant appeals.  *Affirmed.*

*R. R. Dalton,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

MYERS, J.—Appellant was tried and convicted by the court below of the offense defined by §4, Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918.  The overruling

of his motion for a new trial is assigned as error. He relies solely upon insufficient evidence to render the decision contrary to law.

We have carefully read and considered the evidence, and, were it not for well-settled principles of law, we might hesitate to affirm the conclusion of the
1. trial court. However this may be, as a court of review, we look only to the evidence most favorable to the decision, and, if there is any legally admitted evidence to sustain the essential elements of the charge, the judgment must stand. *Berry* v. *State* (1919), 188 Ind. 102, 122 N. E. 324; *Barker* v. *State* (1919), 188 Ind. 493, 124 N. E. 681; *Goodman* v. *State* (1919), 188' Ind. 70, 121 N. E. 826.

The evidence in this case comes to us unquestioned, •and we have considered all of it as being properly before us. It tends to show that appellant admit-
2. ted to the officers who arrested him that he was guilty of bootlegging. The word "bootleg" in this day and age has a well-understood meaning.
3. It conveys the impression of, and imports the peddling and illegal sale of intoxicating liquor. Appellant and these officers were well acquainted. He made no effort to conceal the whisky remaining in three quart bottles, in the aggregate less than a quart. He kept the liquor in his sideboard in his kitchen in his home. Appellant testified that his admissions of bootlegging were made jokingly and that he expected to be so understood, and supposed the officers would so understand him, until they arrested him and started to take him to police headquarters. One of these officers testified that, while they were on their way to the police station, appellant remarked, "Well, I'll get out and go back and sell some more tonight." There was also evidence to the effect that appellant, while a resident of Crawfordsville, Indiana, was convicted of bootlegging.

State, ex rel. *v.* Thomas—190 Ind. 237.

There was no other evidence of a sale, or other circumstances shown by the record, worthy of mention to support the decision.

We are not in a position to observe the actions and manners of witnesses while testifying, nor are we in a position to draw inferences from incidents which frequently occur during the course of a trial, and which may have weight and be properly considered by the trial court in determining the weight of testimony.

Under the law, §35, Acts, *supra,* appellant was entitled to keep in his own home for his own domestic consumption one gallon of whisky without being

4. subjected to the presumption that he was keeping it for the purpose of being sold. Hence the Attorney General is in error when insisting that the quantity of liquor found on appellant's premises made a *prima facie* case that such liquor was kept therein for the purpose of sale. *Ward* v. *State* (1919), 188 Ind. 606, 125 N. E. 397.

Judgment affirmed.