### HOWARD *v.* STATE OF INDIANA.

[No. 24,268.   Filed November 14, 1923.]

1. **INTOXICATING LIQUORS.**—*Transport.*—*Evidence.*—*Sufficiency.* —Evidence that one accepted an invitation to ride in an automobile, and took his place in the rear seat of the car bearing the license of another state, which was driven by the owner, both car and owner showing outward evidence of having traveled over a long and dusty way, and there was found some cartons of whisky on the floor in the back of the car by the officer arresting them, which the driver claimed as his, is not sufficient proof of transportation of liquor by such invited passenger.   pp. 601, 603.

2. **CRIMINAL LAW.**—*Appeal.*—*Review.*—*Inferences.*—On appeal, the Supreme Court will indulge every reasonable inference in support of the finding of the trial court, but such inferences must be drawn from premises established by proof.   p. 602.

3. **CRIMINAL LAW.**— *Appeal.*— *Review.*— *Scope.*— *Inferences.*— The appellate tribunal is limited in its investigation of a

cause upon review to the question of whether or not there was evidence tending to prove the premises, from which the court or jury might have reasonably drawn an inference of guilt or innocence of the accused. p. 602.

4. CRIMINAL LAW.—*Appeal.—Review.—Question of Law.—Inferences.*—When there is a want of evidence to prove subsidiary facts justifying an inference of an essential fact, or when such inference is wholly contrary to human experience and the natural relation of things, the question is one of law. p. 602.

5. INTOXICATING LIQUOR. — *Offenses. — Proof. — Rules of Evidence.*—The rules of evidence applicable to the enforcement of the prohibition law are not different from those pertaining to violations of any other law, and a conviction for a violation of such law resting upon improbable, imaginary and unnatural inferences will be regarded as erroneous as a matter of law. p. 604.

From Marion Criminal Court (53,706); *Frank A. Symmes,* Judge Pro Tem.

Harry Howard was charged with transporting intoxicating liquors. From a judgment of conviction, he appeals. *Reversed, with instructions.*

*Frank S. Roby, Albert Asche* and *Ralph M. Spaan,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

MYERS, J.—Appellant was convicted in the court below of a violation of §1, Acts 1921 p. 736, §8356d Burns' Supp. 1921. The indictment, besides charging the offense, alleged that on November 16, 1920, appellant was convicted in the city court of a violation of chapter 4, Acts 1917 p. 15. The judgment was a fine of $20 and imprisonment on the Indiana State Farm for sixty days. His motion for a new trial was overruled, and this ruling is the only error assigned. In support of his motion his only insistence is, that the finding of the court was not sustained by sufficient evidence and that it was contrary to law.

The undisputed and practically all of the evidence in this case, material to the issue, is covered by the following narration: On November 16, 1921, appellant was convicted in the city court of the city of Indianapolis "for violating the Prohibition Law." On September 16, 1922, near eleven o'clock p.m., on the invitation of one Dan Vald, this appellant and a cousin of Vald accompanied the former in his automobile to the Mercantile Garage, 125 South Pennsylvania street. They left the car near the wash-stand in the garage, and on leaving, one Goldhagen, unknown to this appellant, came out of the garage office and spoke to Vald who stopped and talked with him a few minutes. Goldhagen then asked, "which way are you boys going," and on being told, said he was going that way and invited them to ride with him. They accepted the invitation. Appellant was seated in the rear seat of an Ohio licensed Hudson automobile, which was driven by Goldhagen, who, it appears, owned the car and five or six gallons of whisky which was found in cartons on the floor "in the back of the automobile." The personal appearance of Goldhagen and the appearance of the car—dirty and dusty—indicated travel of some considerable distance, while the appearance of the other parties in the car, as stated by the arresting officer, was wholly to the contrary, that is to say, they were clean, not dusty. They were all sober. The car in which appellant was riding was driven west from Pennsylvania street on Georgia to Illinois, and north on Illinois between Georgia and Maryland streets, where the car was stopped by an officer and all of the parties, including appellant, were arrested. The arresting officer had no talk with appellant, but on searching the car and finding the whisky Goldhagen said that it belonged to him, and that he alone had brought it from Cincinnati on that day. Question by prosecutor, "What

else was in the back end of that car besides whisky?" The officer answered, "A lap robe and an old coat or two."

Upon this state of the evidence, the trial court found appellant guilty of the charge that he "did then and there unlawfully manufacture, transport and possess intoxicating liquor, and did then and there unlawfully keep and have in his possession intoxicating liquor with intent then and there to sell, barter, exchange, give away, furnish and otherwise dispose of the same to persons to the grand jurors unknown within the state."

The attorney-general asserts that the evidence was circumstantial, and that the court was justified in finding appellant guilty solely upon the theory that it would be highly improbable that Goldhagen would take strangers into his car containing a quantity of whisky.

While this court will indulge every reasonable inference which may be drawn from the evidence in support of the finding of the trial court, yet such inference must be drawn from premises established by proof, that is to say, where, as here, the state relies entirely upon circumstantial evidence, it must, by probative facts consistent with each other, establish the ultimate and essential facts necessary to a conviction, or, in other words, the proved facts and circumstances must be such that the court or the jury trying the case may, by mental process and experience, reasoning from cause to effect, reasonably and naturally infer to a moral certainty the existence of the facts sought to be proved. However, in this jurisdiction an appellate tribunal is limited in its investigation to the question of whether or not there was evidence tending to prove the premises, or circumstantial evidence from which the court or jury might have reasonably drawn an inference of guilt, or either guilt or innocence of the accused. Then, in either case, the question would be one within the exclusive

province of the trial court, but when there is a want of evidence to prove subsidiary facts justifying an inference of an essential fact or facts, or that such fact or facts must have resulted from an inference wholly contrary to human experience and the natural relation of things, the question is one of law. *Lee* v. *State* (1901), 156 Ind. 541; *Wrassman* v. *State* (1921), 191 Ind. 399; *Dunn* v. *State* (1906), 166 Ind. 694; *Robinson* v. *State* (1919), 188 Ind. 467; *State* v. *Fisk* (1908), 170 Ind. 166; *Commonwealth* v. *Webster* (1850), 5 Cush. (Mass.) 295, 52 Am. Dec. 711; *State* v. *Furney* (1889), 41 Kans. 115, 21 Pac. 213, 13 Am. St. 262; *People* v. *Willett* (1895), 105 Mich. 110, 62 N. W. 1115; *People* v. *Tobin* (1903), 176 N. Y. 278· *United States* v. *Searcey* (1885), 26 Fed. 435.

It was said by Chief Justice Shaw in his charge to the jury, "that each fact which is necessary to the conclusion must be distinctly and independently proved by competent evidence." *Commonwealth* v. *Webster, supra,* p. 313.

Again referring to the evidence, the most that can be said for it is that Dan Vald, of the three men who had gone to the garage together, was the only 1. one who conversed with Goldhagen; that Vald and appellant were friends; that appellant was found in the automobile of a stranger, driven by its owner, which contained whisky, confessedly owned by the driver; that he had previously been convicted of offending the Prohibition Law, but in what particular is not shown. In the face of these circumstances, we have the uncontradicted evidence that his deportment seems to have been natural, affording no suspicion of a guilty conscience; that he had nothing in common with Goldhagen; that he did not know there was whisky in the car when he entered it, nor did he exer-

cise any control, supervision or dominion over the car or the whisky.

Pertinent to the assertion made by the attorney-general, we quote from *McLaughlin* v. *State* (1920), 18 Okla. Cr. 137, 193 Pac. 1010, the following: "Can it reasonably be said that the fact that this defendant was riding in the stolen car with one who was confessedly the thief was sufficient to show his complicity in the crime charged. It seems to us clearly that it was not, and, for this reason, when the state closed its case in chief, the instruction asked by the defendant directing the jury to return a verdict of acquittal should have been given at that time." So, in this case, the mere fact that the whisky was in the car in which appellant had ridden two and one-half city blocks, under the circumstances here appearing, was not sufficient to sustain a conviction of the charge here preferred. *People* v. *Hurley* (1882), 60 Cal. 74, 44 Am. Rep. 55.

While the enforcement of the Prohibition Law is desired, yet those only who have been proved guilty should be punished. The rules of evidence applicable 5. in the trial of alleged offenders of this law are not different from those pertaining to the trial of alleged offenders of any other law. Hence, a conviction upon circumstantial evidence alone, and resting upon improbable, imaginary and unnatural inferences, will be regarded as erroneous and harmful as a matter of law upon the ground of insufficient evidence to establish a connection between the facts proved and the essential fact. The instant case, in our judgment, is subject to the infirmity just stated.

Judgment reversed, with instructions to the trial court to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.

Ewbank, J., concurs in the conclusion.