## SHACKLETT *v.* STATE OF INDIANA.

[No. 24,700.    Filed April 21, 1925.]

1. INTOXICATING LIQUORS.—*Disposing of liquor constitutes statutory presumption of intent to sell.*—The act of defendant in throwing a jug of whisky out of a window when officers came to search, was *prima facie* evidence in accordance with Acts 1917 p. 15, §29, that the jug contained intoxicating liquor and was intended for unlawful sale.    p. 116.

2. INTOXICATING LIQUORS.—*Person who keeps place where liquors are sold is guilty of maintaining a common nuisance.*—A common nuisance is a place where intoxicating liquor is kept for sale, barter or delivery in violation of the laws of the state, and a person who keeps a place where intoxicating liquors are sold in violation of law is guilty of the offense of maintaining a common nuisance.    p. 117.

3. INTOXICATING LIQUORS.—*Evidence considered and held to establish possession and maintenance of common nuisance.*—Evidence in behalf of the state that defendant owned or rented the premises where a nuisance is charged to have been maintained, and that he threw a jug of whisky out the window upon the arrival of the officers, and that another jug was found in the house, is sufficient to warrant a finding that he is in possession of the premises notwithstanding his denial of the fact and of the ownership of the liquor.    p. 117.

4. CRIMINAL LAW.—*On appeal court will consider only evidence favorable to decision.*—In determining the sufficiency of evidence to sustain a conviction in a criminal prosecution, the court of appeal will look only to the evidence most favorable to the decision, and if there is any legally admitted evidence to sustain the essential elements of the charge, the finding must stand.    p. 117.

5. CRIMINAL LAW.—*That the finding of the court is contrary to the law and the evidence, is not a ground for new trial.*— A reason for a new trial, that the finding of the court is contrary to the law and the evidence, presents no question and is not a statutory ground.    p. 117.

From Marion Criminal Court (56,027); *Frank A. Symmes,* Judge pro tem.

Wilbur Shacklett was convicted of a violation of the prohibition law, and he appeals.    *Affirmed.*

*Ralph E. Jones,* for appellant.

*U. S. Lesh,* Attorney-General, *Arnet B. Cronk* and *Carl Wilde,* for the State.

·ˑGEMMILL, J.—Appellant was prosecuted in the city court of Indianapolis on an affidavit in six counts by which he was charged with the following offenses in violation of the Prohibition Law:   (1) Selling, bartering, exchanging, giving away, furnishing and disposing of intoxicating liquor; (2) manufacturing, transporting and possessing intoxicating liquor, and possessing same with intent to sell; (3) possessing a still; (4) selling at retail, for beverage purposes, a preparation containing alcohol; (5) maintaining and assisting in maintaining a common nuisance; (6) receiving intoxicating liquor and possessing intoxicating liquor received from a carrier.   He was found guilty and appealed to the criminal court of Marion county where he was tried by the court, without a jury, and convicted.   A motion for a new trial was filed and overruled.   An appeal from the judgment rendered was taken to this court.

It is assigned as error that the court erred in overruling the motion for a new trial.   Said motion contains the following reasons:   "(1) That the finding of the court is not sustained by sufficient evidence; (2) that the finding of the court is contrary to law; (3) that the finding of the court is contrary to the law and the evidence."

There is no evidence as to appellant's guilt under counts 1, 2, 3, 4 and 6 of the affidavit; so the conviction must have been based on count 5 of same, in which he was charged with maintaining and assisting in maintaining a common nuisance.

From the evidence, it appears as follows:   That appellant was arrested by police officers at premises known as 621 East Allegheny street, city of Indianapolis, on

January 5, 1924, about nine o'clock at night. That the said premises belonged to or were rented by the appellant. That when the officers went there with a search warrant for intoxicating liquor and equipment for its manufacture, the appellant threw a gallon jug containing "white mule whisky," through a window into the snow. That four or five ounces of said liquor were saved by the officers. That on the inside of the house, the officers found a five gallon jug containing about a gallon of "white mule whisky." Appellant denied that he was in possession of the place and that he owned the liquor, and was supported by another person who claimed that he had rented the premises of appellant and that he had bought and was the owner of the whisky. This witness admitted that he was under indictment for burglary and grand larceny.

A common nuisance is defined in §20 of the Prohibition Law, same being ch. 4 of the Acts of 1917 (Acts 1917 p. 15, §8356a et seq. Burns' Supp. 1918), as a place where intoxicating liquor is sold, manufactured, bartered or given away in violation of law; or where persons are permitted to resort for the purpose of drinking intoxicating liquor as a beverage; or where such liquor is kept to be drunk as a beverage by the members of a club or any other persons; or where such liquor is kept for sale, barter or delivery in violation of the laws of the state. And it is provided in §29 of said law, that if fluid be poured out or otherwise destroyed by the tenant or other person when the premises are being searched, said fluid shall be held to be prima facie intoxicating liquor and intended for unlawful sale.

The act of the appellant in destroying the fluid 1. in the gallon jug made a prima facie case that same was intoxicating liquor and intended for unlawful sale. As heretofore stated, a common nui-

sance is a place where intoxicating liquor is kept for sale, barter or delivery in violation of the laws of the state. A person who keeps a place where intoxi-

2. cating liquors are sold in violation of law is guilty of the offense of maintaining a common nuisance. *Thompson* v. *State* (1920), 189 Ind. 182, 125 N. E. 641.

One of the main questions in the instant case is whether the place where the arrest was made was maintained by the appellant or another person. The

3, 4. court was justified by the evidence in deciding that proposition against the appellant. In determining the sufficiency of the evidence to sustain a finding of conviction in a criminal prosecution, the court of appeal will look only to the evidence most favorable to the decision, and, if there is any legally admitted evidence to sustain the essential elements of the charge, the finding must stand. *Lamar* v. *State* (1921), 190 Ind. 235, 130 N. E. 114; *James* v. *State* (1921), 190 Ind. 629, 130 N. E. 115; *Lee* v. *State* (1921), 191 Ind. 515, 132 N. E. 582. Also, this court will not weigh conflicting evidence.

The evidence and the inferences therefrom prove the necessary elements of the offense of maintaining a common nuisance. The third reason for a new trial,

5. that the finding of the court is contrary to the law and the evidence, presents no question and is not a statutory ground. We hold that the finding of the court is sustained by sufficient evidence and that same is not contrary to law. There was no error in overruling the motion for a new trial.

Judgment affirmed.