YOMONT ET AL. v. STATE OF INDIANA.

[No. 24,844. Filed June 22, 1926.]

INTOXICATING LIQUORS.—*Evidence insufficient to show possession of still.*—Evidence held insufficient to show that defendants had a still in their possession or under their control or that a still was ever used on premises in their possession or control.

From Clay Circuit Court; *Thomas W. Hutchinson,* Judge.

Frank Yomont and Frank Ruskis were convicted of having possession of a still for the manufacture of intoxicating liquor, and they appeal. *Reversed.*

*Harvey L. Fisher* and *Felix Blankenbaker,* for appellants.

*Arthur L. Gilliom,* Attorney-General and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

MYERS, C. J.—Appellants, in the court below, were convicted of having in their possession and under their

control a certain still and distilling apparatus for the manufacture of intoxicating liquor, in violation of Acts 1923 p. 107, §1. The finding and judgment for appellee is challenged for want of evidence and as being contrary to law.

There is practically no conflict in the evidence and from which we learn that on May 16, 1924, appellant Yomont, who then resided at Shepherdsville, rented from one Jack Johnson the premises consisting of a small house, referred to by the witnesses as a small shanty erected in place of a house recently theretofore destroyed by fire, the barn, garden and pasture land in Cass township in Clay county, for which he paid six dollars monthly in advance. Yomont paid the May and June rental, but abandoned the place about July 6, to his son-in-law Frank Luckis of Chicago, who paid the July rental, and to whom he gave the chickens and hogs he had accumulated on the place. Luckis came there sometime in June. On July 6, Luckis and one John Stootch, also of Chicago, were in Clinton, Indiana, in an automobile, where and when Stootch rented a sleeping room in a private house, left his suit case and then went away with Luckis. Stootch, for three or four days thereafter, would come and go from his room, usually in the nighttime. He and Luckis were frequently seen together in an automobile during the month of July, and at many times at the Jack Johnson place. In May and June, appellant Ruskis, who was a coal miner, was with Yomont on the Johnson place as a visitor of Yomont, and while there, he and Yomont engaged in digging ginseng roots. After Luckis took charge of the place, it appears that he would leave for a day or two at a time and, during his absence, his father-in-law, Yomont, would return and look after the chickens and hogs, and on one or two occasions, the last time about two or three weeks before the raid was made on

the premises, Ruskis accompanied Yomont. On July 30, 1924, the Mayor of Brazil issued a search warrant to Herman M. Weber as a special constable upon an affidavit of Weber charging that Jack Johnson was in possession of a still, implements and other devices for the manufacture of intoxicating liquor. The search warrant was served and a still was found in the barn loft under a quantity of new clover hay which Luckis had assisted Johnson in putting in the barn. Two days before the search, Mrs. Luckis came to the place with her two small brothers, eight and eleven years old respectively, and were the only persons there at that time. She testified at the trial, September 8, as a witness for the state, that her husband returned the next day or second day after the search, took his clothing, and that she had not seen him since. Stootch also left at the same time and neither has been seen since that time, either at the Johnson place or at Clinton. Both of these appellants testified that the still found did not belong to them, nor had they any interest in or possession of it, nor did they know anything whatever about it until after the raid. There was evidence that white mule whisky was found on what was known as the Phillips farm in another township, but neither of these appellants was shown to have any connection whatever with that liquor, and a motion to strike out that evidence was sustained. This, in substance, was all the evidence given in the case. It fails to show that either of these appellants had a still in his possession or under his control or even that a still was ever used on the premises in their possession. *Howard* v. *State* (1923), 193 Ind. 599, 141 N. E. 341. The motion of each of these appellants for a new trial should have been sustained.

Judgment reversed, with instructions to sustain the motion of each appellant for a new trial, and for further proceedings not inconsistent with this opinion.