PIERCEFIELD *v.* STATE OF INDIANA.

[No. 24,995.   Filed November 17, 1926.]

1.  SEARCHES AND SEIZURES.—*Description of place to be searched
held sufficient.*—A search warrant describing the property to
be searched as "Section 4 and west ½ of section 3, township
10 north, range 1 west, and frame dwelling house and all other
buildings thereon" was *held* sufficiently specific, where it was
not claimed that there was any dwelling house on the land
other than that occupied by the defendant.   p. 441.

2.  SEARCHES AND SEIZURES.—*Illegality of search warrant not
available to one not interested in property searched or found.*—
A defendant cannot avail himself of an objection to the legal-
ity of a search warrant who claims no interest in the property
searched or found, nor object to the introduction of the evi-
dence obtained by the search.   p. 441.

3.  CRIMINAL LAW.—*Evidence considered on appeal.*—In deter-
mining whether the evidence sustains the conviction of a de-
fendant, an appellate tribunal considers only the evidence
favorable to the state.   p. 442.

4.  INTOXICATING LIQUORS.—*Evidence held insufficient to sustain
conviction of possessing still.*—The circumstantial evidence in-
troduced in the specific case *held* insufficient to sustain a con-
viction for having possession of a still.   p. 443.

From Monroe Circuit Court; *Herbert A. Rundall,* Judge.

Zig Piercefield was convicted of the unlawful possession of a still, device and property for the manufacture of intoxicating liquor, and he appeals. *Reversed.*

*Q. Austin East* and *John F. Regester,* for appellant. *Arthur L. Gilliom,* Attorney-General and *George J. Muller,* Deputy Attorney-General, for the State.

GEMMILL, J.—In this case, the appellant was found guilty of having the unlawful possession of a still, device and property for the manufacture of intoxicating liquor, in violation of the laws of this state. §1, ch. 33, Acts 1923. He alleges that errors were committed by the lower court as follows: Overruling his motion to suppress evidence obtained by virtue of an illegal search warrant and overruling his motion for a new trial.

The affidavit for a search warrant and the search warrant named the appellant and contained the following description of the place to be searched in Monroe county: "Sec. 4 and W ½ of Sec. 3, Tp. 10 N. R. 1 E, and frame dwelling house and all other buildings thereon." It is contended by appellant that the search warrant was invalid because the description therein was vague and insufficient. This contention cannot be sustained. The description of the real estate, although covering a large acreage, was definite, and it is not claimed that there was any dwelling house on the land other than that occupied by appellant. The search warrant was valid and the evidence procured by the use of it was competent. Even if the search warrant had been invalid, appellant could not have raised any legal objection to the evidence in regard to the finding of the still, as he denied ownership

or custody of same and it was shown by his witnesses that it was found on the Mason farm and that said farm was not under his control or in his possession. A person not being the owner or proprietor of the premises searched and not claiming any interest in the property so found cannot complain, upon the trial, of an alleged illegal search, nor object to the introduction of evidence thus obtained. *Walker* v. *State* (1924), 194 Ind. 402, 142 N. E. 16; *Earle* v. *State* (1924), 194 Ind. 165, 142 N. E. 405; *Snedegar* v. *State* (1925), 196 Ind. 254, 146 N. E. 849; *Hines* v. *State* (1926), 197 Ind. 575, 150 N. E. 371.

Two of the causes assigned in the motion for a new trial are: (1) Insufficiency of the evidence to sustain the verdict; and (2) that the verdict is contrary to law. In determining whether the evidence sustains the conviction of a defendant, the Supreme Court will consider only that which is most favorable to the state. By that evidence, the following facts were shown: Appellant lived with his family on a rented farm of 240 acres in Marion township, Monroe county, that particular territory being known as "No man's land." On April 2, 1925, officers made a search of premises occupied by him and of other lands described in the search warrant. At a point about 150 yards east of the house in which appellant lived, a still was found on the ground partly concealed in the top of a fallen tree. The coil of a still was near, was not covered and contained some liquor. There were foot tracks from appellant's house to a driveway which had been used by the public for many years, tracks down the driveway, and tracks from the driveway to the place where the still was found. In appellant's residence, some gasoline burners were found in a sack. There was not any dwelling house near the residence of appellant.

The evidence is all circumstantial. The state did not locate the place where the still was found as being on the farm occupied by the appellant. The evidence as to tracks was very indefinite and it was not shown that they were made or could have been made by appellant. It was not claimed that the driveway was not used by other persons, and the evidence of a neighbor that he traveled same daily and hourly was not contradicted. The gasoline burners were not taken away with the still by the officers and were not offered in evidence. The principal witness for the prosecution who testified concerning what was found in appellant's home did not mention them, saying that nothing was found at the house but a few empty jugs. No attempt was made to show that the gasoline burners could have been used in connection with the still; and the reasonable explanation of the wife of appellant as to what use she made of the burners and why they were in a sack, was not controverted. The fact that appellant's son drove away in his automobile while the search was taking place was no indication of appellant's guilt. The verdict of the jury was not supported by any evidence which established the fact that the appellant had possession of the still, as charged in the affidavit. It must be held that the verdict was contrary to law.

The judgment is reversed, with instructions to sustain the motion for a new trial.