VAN TORNHAUT ET AL *v.* STATE OF INDIANA.

[No. 25,276.   Filed June 17, 1927.   Rehearing denied October 12, 1927.]

1. CRIMINAL LAW.—*Only evidence supporting the finding or verdict will be considered on appeal.*—On appeal from a conviction the only evidence that is considered in determining the sufficiency of the evidence is that which supports the finding or verdict.   p. 482.

2. INTOXICATING LIQUORS.—*Evidence held sufficient to sustain conviction for unlawful possession of intoxicating liquor and maintaining liquor nuisance.*—In a joint prosecution of two defendants for unlawful possession of intoxicating liquor and for maintaining a liquor nuisance, evidence of sales of intoxicating liquor by each of the defendants at the place described in the affidavit and that drunken men were seen in the place and that many drunken men came out of same, was sufficient to sustain the finding of guilty as to each defendant.   p. 482.

3. CRIMINAL LAW.—Evidence *held* sufficient to prove the venue charged in affidavit.   p. 483.

4. INDICTMENT AND AFFIDAVIT.—A count of an affidavit which did not name the defendants and which did not charge them with any offense was a nullity.   p. 483.

5. CRIMINAL LAW.—*Admission of evidence obtained by illegal search warrant held harmless.*—In a criminal prosecution, where competent evidence conclusively showed the guilt of defendants on two counts of the affidavit charging the offense, the admission of evidence obtained by an illegal search warrant and the search directed thereby was harmless error. p. 484.

From St. Joseph Circuit Court; *Cyrus E. Pattee*, Judge.

Theofiel Van Tornhaut and Henry Van Den Bossche were convicted of unlawfully possessing intoxicating liquor and maintaining and assisting in maintaining a liquor nuisance, and they appeal. *Affirmed.*

*George Sands*, for appellants.

*Arthur L. Gilliom*, Attorney-General and *Harry L. Gause*, Deputy Attorney-General, for the State.

GEMMILL, J.—The appellants were convicted in the St. Joseph Circuit Court of the following public offenses: Unlawful possession of intoxicating liquor, and maintaining and assisting in maintaining a common nuisance, in violation of §§4 and 24, ch. 48, Acts 1925, §§2717, 2740 Burns 1926. The judgment was that each defendant be fined and imprisoned for each offense. On appeal, they assign as error that the court erred in overruling their motion for a new trial.

From the evidence in support of the finding of the court, which is the only evidence which will be considered on appeal by this court to determine the sufficiency of the evidence, it appears: A pool room and place where soft drinks were sold was located at No. 1324 West Division street in the city of South Bend, on March 13, 1926. At that place, each of the defendants sold intoxicating liquor, same being "moonshine whisky," at various times, prior to and about said date. Drunken men were seen in the place, and many drunken men came out of same. The defendant Van Den Bossche, who was the son-in-law of the other defendant, was the proprietor of the place. He had pur-

chased it in September, 1925. The license for a pool table for 1926 was taken out in the name of the defendant, Van Tornhaut. Evidence in this cause found by means of a search warrant is not considered in determining the sufficiency of the evidence, for a reason hereinafter stated. As each sold intoxicating liquor at the place described in the affidavit, it follows that there must have been possession of same before its sale and delivery. The evidence was conclusive that the place was a common nuisance, as intoxicating liquor was sold there in violation of law. And it may be inferred from the evidence that persons were permitted to resort there for the purpose of drinking intoxicating liquor as a beverage. The place was maintained by the defendants, or maintained by one of them, assisted by the other. There was sufficient evidence to sustain the finding of the court as to the guilt of each defendant.

A police officer in the city of South Bend testified that he had seen the defendants at the place described in the affidavit several times, and that said building was located in the city of South Bend, St. Joseph county, State of Indiana. The evidence was positive that the common nuisance was maintained in St. Joseph county. The intoxicating liquor was possessed at No. 1324 West Division street in the city of South Bend, which, it was shown, was in St. Joseph county. The proof of venue was sufficient.

There was a third count of the affidavit; but as same did not name the defendants, it did not charge them with any offense and was a nullity. The record shows that the third count was not regarded as part of the affidavit, and appellants were not convicted on that count, as now claimed by them.

Objection was made to the introduction in evidence of an affidavit for a search warrant, a search warrant and eight bottles containing "moonshine whisky." There

was sufficient competent, uncontradicted evidence, exclusive of the evidence secured by the search, to sustain the finding of the court as to the guilt of each defendant on the first and second counts of the affidavit. It is not necessary to decide if said evidence to which the defendants excepted was competent. As the finding of the court was sustained by other uncontradicted evidence, which conclusively showed the guilt of appellants, they could not have been harmed by the admission in evidence of the exhibits to which they objected.

Appellants have not shown that any reversible error was committed by the trial court.

The judgment against each defendant is affirmed.