### BAUGH v. STATE OF INDIANA.

[No. 25,254. Filed January 10, 1928.]

1. CRIMINAL LAW.—*On appeal, inferences in support of court's finding drawn only from facts proved.*—The Supreme Court will indulge every reasonable inference in support of the finding of the trial court, but such inferences can only be drawn from facts established by proof. p. 617.

2. INTOXICATING LIQUORS.—*Evidence held insufficient to sustain conviction of possessing and making intoxicating liquor and possessing a still.*—Circumstantial evidence which may cast suspicion upon defendant, viz., the finding of a small quantity of liquor and parts of a still on a farm (in the hills) belonging to defendant's father with whom he lived is not sufficient to sustain conviction of possession and manufacturing liquor and possessing a still (§§2717, 2719 Burns 1926) especially in absence of proof that defendant was in possession or control of the premises. p. 617.

From Monroe Circuit Court; *Herbert A. Rundell,* Judge.

John Baugh was convicted of possessing and making intoxicating liquor and possessing a still, and he appeals. *Reversed.*

*Miers & Corr,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Bernard A. Keltner,* Deputy Attorney-General, for the State.

MARTIN, J.—Appellant was prosecuted upon an affidavit in three counts: (1) possessing, (2) manufacturing intoxicating liquor and (3) possessing a still under §§4 and 6, ch. 48, acts of 1925 (§§2717, 2719 Burns .

1926).   He was tried by a jury, found guilty and sentenced on each count, receiving a fine of $50 and thirty days imprisonment on each of the first two counts and imprisonment from one to five years on the third count. The error relied upon by appellant is the overruling of his motion for a new trial because the verdict of the jury is not sustained by sufficient evidence and is contrary to law.

The following facts appear by uncontradicted evidence. Three officers went to the farm owned and occupied by William T. Baugh in the hills of Monroe county on December 3, 1925, made a lawful search and found ten quarts of peach wine in a cupboard, a gallon glass jug "that smelled like it had whisky in it," or had "probably about a spoonful of mule in it," a fifty-gallon barrel outside the kitchen door that had some dry cracked corn around its edge, a half a barrel of mash emptied out in a corner of the barn, a five-gallon jug of "mule" 200 yards from the house on a hillside, and parts of a still, covered with leaves, nearby along a little creek.   Trenches the width of the still were also found along the creek, one of which contained the embers of a fire.

William T. Baugh was eighty-three years of age, in poor health and unable to appear at the trial as a witness. His wife, eighty-two years old, was an invalid and died from cancer before the date of the trial.  The officers testified that the peach wine or brandy was claimed by the elderly Mrs. Baugh, who told them she had made it. Appellant, the son of these aged people, was unmarried and lived with and cared for his parents.   He did not operate, control or manage the farm, but was engaged in the business of peddling meat and milk, leaving home early in the morning and returning late at night, and he was not present at the time the officers searched the premises.   There was no evidence connecting appellant in any way with any of the liquor or with the still, and

the officers, on cross-examination, admitted that they "would not pretend to say John did it" and that "there was nothing to indicate who placed the coil there or anything else."

The Supreme Court will indulge every reasonable inference in support of the finding of the trial court, but such inferences must be drawn from premises established by proof. *Howard* v. *State* (1923), 193 Ind. 599, 141 N. E. 341. While the circumstantial evidence here adduced may have cast suspicion upon the appellant, the evidence is not sufficient, especially in the absence of proof that appellant was in possession or control of the premises, to sustain the verdict. See *Piercefield* v. *State* (1926), 198 Ind. 440, 154 N. E. 4, and *Frye* v. *State* (1926), 197 Ind. 615, 151 N. E. 728.

It is our opinion that the state failed to present any evidence to show that appellant possessed or operated the still in question or manufactured or had possession of any of the intoxicating liquor found by the officers, and the judgment is therefore reversed, with directions to grant appellant's motion for a new trial.