KLYSZ ET AL. *v.* STATE OF INDIANA.

[No. 25,278. Filed June 1, 1928.]

*George Sands,* for appellants.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

MARTIN, J.—The two appellants, jointly with Mike Nagy, were prosecuted by affidavit, in two counts, for unlawfully: (1) Possessing intoxicating liquor; and (2) maintaining a common nuisance, §§4 and 24, ch. 48, Acts 1925, §§2717 and 2740 Burns 1926.

Trial by the court resulted in the conviction of the appellants on the second charge and in their acquittal on the first charge. Nagy, who is not a party to this appeal, was convicted on the first charge and acquitted on the second.

Appellants assign as error the overruling of their motion for a new trial. One of the fifty-three alleged grounds for this assignment is that the finding of the trial court is not sustained by sufficient evidence.

The state's evidence showed that appellants operated a soft drink place in the city of South Bend. The arresting officers saw Nagy carry a tin bucket containing four quart bottles of moonshine whisky up to the back door step of appellants' place of business. He set the bucket down and knocked on the door, whereupon the officers arrested him.

The officers, upon making a search, found three and three-fourths gallons of wine in the basement under the building in which appellants' soft drink place (435 Chapin Street) and a butcher shop (433 Chapin Street) were both located. This basement, the entrance to which was in the butcher shop, contained the heating plant for the whole building, and was used by both tenants. A can containing some alcohol was found in a shed or outbuilding back of the butcher shop. The validity of the search made by the arresting officers is questioned, but we have not considered the same because: (1) Appellants were acquitted on the possession charge; and (2) the possession of liquor by Nagy, outside of appellants' place of business, cannot establish that place of business as a common nuisance.

Nagy's apparent attempt to deliver four bottles of whisky to appellants was a suspicious circumstance, but from it an inference could not reasonably be drawn that appellants' place of business was a common nuisance within the meaning of the law. There cannot be a conviction on mere suspicion. *Baugh* v. *State* (1928), 199 Ind. 615, 159 N. E. 550; *Benoit* v. *Bay St. Louis* (1912), 103 Miss. 218, 60 So. 137.

A common nuisance, as declared and prohibited by Acts 1925, ch. 48, §24, §2740 Burns 1926, is:

> "Any room, house . . . or place of any kind where intoxicating liquor is sold, manufactured, bartered or given away in violation of law, or where persons are permitted to resort for the purpose of

drinking intoxicating liquor as a beverage or any place where such liquor is kept for sale, barter or gift in violation of the laws of this state, and all intoxicating liquor and all property kept in and used in maintaining such a place."

There is no evidence that persons were permitted to resort to appellants' place of business for the purpose of drinking, and the only evidence in the record to sustain the conviction of appellants is the testimony of two police officers that appellants' place of business had the general reputation of being a place where intoxicating liquor was unlawfully possessed and sold. Subsequent to the decision of *Shacklett* v. *State* (1924), 195 Ind. 436, 145 N. E. 554, which held that proof of a "bad reputation" in the community of a defendant's house as "a place resorted to for the purpose of drinking intoxicating beverages" did not "constitute evidence that she was guilty of . . . maintaining a place where the liquor law was violated,"[1] Acts 1925, ch. 48, §28, §2744 Burns 1926, was enacted, providing that:

"In any criminal or civil proceeding under sections 24 or 25 of this Act, it shall be competent to prove the general reputation of the place referred to as being a place where intoxicating liquor is possessed or sold and where people resort for the purpose of drinking intoxicating liquor."

---

[1] In *Wrench* v. *State* (1926), 198 Ind. 61, 152 N. E. 274, citing *Shacklett* v. *State, supra,* it was held that evidence to the effect that defendant's dwelling was reputed to be a place where persons resorted for the purpose of drinking intoxicating liquors, and where the same were kept for sale as intoxicants, was incompetent as tending to prove the offence defined by §20, ch. 4, Acts 1917 (substantially the same as §24, ch. 48, Acts 1925) and "should not have been admitted." Other cases purporting to follow *Shacklett* v. *State, supra,* viz.: *Brown* v. *State* (1925), 196 Ind. 77, 147 N. E. 136; *Beemer* v. *State* (1925), 196 Ind. 95, 147 N. E. 276; *Thompson* v. *State, infra;* and *Manley* v. *State, infra;* do not seem to hold that such testimony is incompetent and inadmissible, but that testimony of bad reputation of a place is not alone sufficient to sustain a conviction of maintaining a common nuisance. All cases cited in this note arose before the Acts of 1925 went into effect.

While the effect of this statute is to make proof of reputation competent in evidence, the statute does not provide, and we cannot hold, that evidence of bad reputation alone is sufficient to establish the existence of a common nuisance. See *Betts* v. *State* (1884), 93 Ind. 375 (reputation of house of ill fame); *Voght* v. *State* (1890), 124 Ind. 358, 24 N. E. 680 (reputation of gambling house). See, also, *Thompson* v. *State* (1925), 196 Ind. 229, 147 N. E. 778; *Manley* v. *State* (1925), 196 Ind. 529, 149 N. E. 51.

It follows that the finding of the court is not sustained by sufficient evidence. The judgment is therefore reversed, with directions to the trial court to sustain appellants' motion for a new trial.