## WALKER *v.* STATE OF INDIANA.

[No. 25,331. Filed October 9, 1928.]

*William D. Hardy,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

MARTIN, J.—Appellant was convicted and sentenced for possessing and using a still for the manufacture of intoxicating liquor in violation of Acts 1925, ch. 48, §6, §2719 Burns 1926. Five officers—federal prohibition agents and city policemen—under authority of a search warrant issued by the city court raided a house at 431 Monroe Avenue in Evansville on February 4, 1926. Marion Eakins, alias "Byron Smith" and two other men were in the house. The officers found in the basement a sixty-gallon still, twenty-six gallons of· whisky, twelve barrels of mash, and other equipment of an illicit whisky-manufacturing plant. Appellant, who was not present at the time of the raid, heard of it and became a fugitive, being arrested at St. Louis, Missouri, some months later and returned for trial.

The appellant assigns as error the overruling of his motion for a new trial for the alleged reasons that certain

evidence admitted was incompetent and that the finding of the court was contrary to law and not sustained by sufficient evidence. The evidence complained of was testimony "as to what was seized by the officers and what was disclosed to them at the time they searched the premises," and which appellant contends was inadmissible because the search warrant was invalid.

No attack was made upon the search warrant by motion to quash or other pleading, but appellant, to sustain his objection to the testimony above referred to, introduced evidence which proved that there was not such a showing of probable cause for the issuance of the search warrant before the issuing magistrate as this court (Martin and Gemmill, JJ., dissenting) in *Wallace* v. *State* (1927), 199 Ind. 317, 157 N. E. 657, has held to be necessary.

It is unnecessary to consider here the question of whether, without a formal attack upon the search warrant, its validity may be determined upon objection to testimony obtained by aid thereof, because: (1) It appears from the record that appellant, at the trial, disclaimed ownership or control of the premises or the still in question; and (2) other evidence in the record independent of that obtained by the search is sufficient to sustain appellant's conviction. See *VanTornhaut* v. *State* (1927), 199 Ind. 481, 157 N. E. 100.

The appellant in his testimony repeatedly declared that he was not the owner nor in possession or control of the place searched.[1] His testimony that he did not pay

---

[1] The appellant testified that Eakins, who was introduced to him as Byron C. Smith, said he wanted to get a place to make whisky and that he would pay the rent on the place if appellant would move his furniture there; that they both moved into the house, appellant taking with him his family and furnishing the groceries but occupying only four rooms on the ground floor, (not including the basement). Appellant testified that Smith rented the place, signed a lease for it and "I didn't have anything to do with it and didn't pay the rent," but that

any of the expenses of the house, did not occupy that portion of the house containing the still, together with his emphatic denial of any ownership of the still and his insistence that he had nothing at all to do with the operation of it, places him in a position where, on the charge of possessing and using a still, he cannot avail himself of objection to the legality of the search that was made of the premises or evidence against himself obtained thereunder. *Snedegar* v. *State* (1925), 196 Ind. 254, 146 N. E. 849, 147 N. E. 918; *Walker* v *State* (1924), 194 Ind. 402, 142 N. E. 16; *Speybroeck* v. *State* (1927), *ante* 69, 155 N. E. 817; *Piercefield* v. *State* (1926), 198 Ind. 440, 154 N. E. 4.

The testimony of Byron C. Smith was sufficient in itself to support the finding that appellant had possession of a still as charged in the affidavit.[2] There was a very sharp conflict between the testimony of Walker and Smith as to which one of them owned and operated the still, but it is exclusively for the jury or the trial court to determine the credibility of the witnesses, and this court will not set aside a judgment where there is evidence to support the finding. *Winters* v. *State* (1928), *ante* 48, 160 N. E. 294; *Piercefield* v. *State, supra; Lowery* v. *State* (1925), 196 Ind. 316, 148 N. E. 197.

Appellant objected to the introduction, by the state, of the testimony of the witness Byron C. Smith, alias

Smith paid the rent, the heat, light, gas and water bills, slept upstairs but was all over the house and usually tended the furnace. Appellant admitted seeing the still and drinking some of the whisky, but denied any ownership or control of the still or the whisky manufacturing plant.

[2]Smith, who was arrested at the time of the raid, and who was convicted of possessing a still prior to Walker's trial, testified that he rented the place in November, that in January the still was first mentioned by Walker, that the odor of liquor was pretty strong in the house and he asked Walker what was around there, and Walker said a manufacturing plant; that he said something about that being a little dangerous, and Walker admitted it; that he saw bottles of liquor setting on the floor and in the cupboard in one of the rooms he (Smith) occupied.

"Marion Eakins," as to the still and liquor possessed by appellant on the premises also on the theory that "the authorities had no knowledge of this witness being in or about the premises except such as they procured while there executing this warrant," which appellant alleges was illegal. We have held that this search as to appellant was not illegal, but, even if it had been illegal, the appellant could not by such an objection close the mouths of witnesses against him as to any facts existing prior to the search.

Judgment affirmed.