## GREER v. STATE OF INDIANA.

[No. 13,669.   Filed April 23, 1929.   Rehearing denied July 5, 1929.]

*Fletcher & Williams,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Virgil E. Whitaker,* Deputy Attorney-General, for the State.

REMY, J.—Appellant was convicted in the city court of the city of Bedford on affidavit charging him with possession and transportation of intoxicating liquor, in violation of §4 of the act of 1925 (Acts 1925 p. 144, §2717 Burns 1926).   There was an appeal to the circuit court, where a trial resulted in a second conviction.

The only question properly saved and presented to this court is the alleged error of the circuit court in overruling appellant's motion for new trial, and sufficiency of the evidence is the important question.

Witnesses for the State were the county sheriff and a constable.   They testified that, at time stated in affidavit, they went to a bridge which spanned a certain creek a mile or so from the city of Bedford.   From the bridge, witnesses saw in the creek, just below the bridge, a house boat, and, a few feet away, a rowboat, the latter being occupied by appellant and another man.   As soon as appellant observed the sheriff and constable, he picked

up a jug that was in the boat, and, having drawn the cork, threw the jug into the water, along with a number of bottles. Appellant then endeavored to break the jug, which was floating on the water. Whereupon, the sheriff, in order to prevent appellant from breaking the jug, drew his gun and commanded appellant to cease his efforts to break the jug, and to row over to the bridge, which was done. The sheriff went upon the boat, arrested appellant and retrieved the jug, which was found to contain whisky. The sheriff and constable then searched the house boat, and found evidence that intoxicating liquor was there being manufactured. Appellant introduced no evidence in his own behalf, and is not asking a reversal on the merits.

At close of State's evidence, appellant moved "to strike out all the evidence given" by the two witnesses, for the reason, as stated, that the search of the house boat was without a search warrant and unlawful. The objection to the evidence as set forth in the motion has no application to a large part of the testimony, which was clearly competent. Under such circumstances, the motion to strike out all of the evidence was too broad. *Harless* v. *Harless* (1895), 144 Ind. 196, 41 N. E. 592; *State, ex rel.,* v. *Hughes* (1898), 19 Ind. App. 266, 271, 49 N. E. 393. It was not error to overrule the motion.

If the evidence procured by the officers in their search of the house boat was incompetent, because procured without a search warrant, a question which it is unnecessary to decide, the admission of that evidence could not have harmed appellant, for there was other competent uncontradicted evidence to sustain the decision. *Van Tornhaut* v. *State* (1927), 199 Ind. 481, 157 N. E. 100.

There is no reversible error.

Affirmed.