MALICH v. STATE OF INDIANA.

[No. 25,737. Filed January 14, 1930. Rehearing denied March 18, 1930.]

*Harrison B. Steward, Wildermuth & Force* and *Robert L. McMahan,* for appellant.

*James M. Ogden,* Attorney-General, and *V. Ed Funk,* Deputy Attorney-General, for the State.

MARTIN, J.—Appellant was convicted and sentenced to imprisonment in the State Prison for not less than one nor more than two years, after a trial by the court, upon an affidavit which charged him with the unlawful possession of intoxicating liquor under Acts 1925, ch. 48, §4, §2717 Burns 1926, and which charged two previous convictions for violations of the same act. Overruling appellant's motion for a new trial, wherein it is alleged that the finding of the court is not sustained by sufficient evidence, is the alleged error relied upon for reversal.

The evidence of the State consisted of the testimony of the arresting officer and a stipulation (agreed to by appellant) showing two former convictions. The officer testified that he searched the appellant's residence, which was the rear flat on the second floor of 1121 Madison Street, Gary, and found, in a hideout under the floor of a closet, three large bottles containing more than two gallons of moonshine whisky. In making his defense, the appellant disclaimed any knowledge of the whisky. He testified that he owned the building and moved from the downstairs to the upstairs the day before the arrest and that Jim Fennoff prior to that day had occupied the room in which the whisky was found. Fennoff testified: "I found the booze in an alley while I was picking junk . . . and put it under the floor in the closet."

Appellant correctly maintains that a person cannot be guilty of the crime of possessing intoxicating liquor unless he knows of such possession or is conscious thereof, citing *Branam* v. *State* (1929), 200 Ind. 575, 165 N. E. 314; *Howard* v. *State* (1923), 193 Ind. 599, 141 N. E. 341; *Frye* v. *State* (1926), 197 Ind. 615, 151 N. E. 728; *Piercefield* v. *State* (1926), 198 Ind. 440,

154 N. E. 4; *Johnson* v. *State* (1927), 199 Ind. 73, 155 N. E. 196; *Baugh* v. *State* (1928), 199 Ind. 615, 159 N. E. 550. He admits that the finding, by the police officer, of intoxicating liquor on his premises, unexplained, would justify a finding of guilty, but contends, since an explanation of the presence of the liquor consistent with his innocence has been made by both himself and Fennoff, and since the State did not rebut his defense, that the State has failed to prove that he knowingly or consciously possessed the liquor.

It is apparent that the trial court did not believe the testimony of appellant and his witness Fennoff. A court of appeal cannot determine the credibility of witnesses whom it does not see, or weigh oral testimony which it does not hear; that must be done by the trial court or jury. *Winters* v. *State* (1928), 200 Ind. 48, 160 N. E. 294. In determining the sufficiency of evidence to sustain a finding of guilty, only the evidence favorable to the State need be considered (*Lamar* v. *State* [1921], 190 Ind. 235, 130 N. E. 114; *Bohan* v. *State* [1923], 194 Ind. 227, 141 N. E. 323; *Piercefield* v. *State, supra; Barker* v. *State* [1919], 188 Ind. 493, 124 N. E. 681), and that evidence here is sufficient to sustain the finding.

Appellant has requested an oral argument, but since no question is involved in the appeal upon which there can be serious controversy, the same is denied.

Judgment affirmed.